JOSE A. SEAMONS *et ux. vs.* LEVI N. FITTS, Town Treasurer.

PROVIDENCE—MARCH 22, 1899.

PRESENT : Stiness, Tillinghast and Rogers, JJ.

(1) *Highways. Negligence.*

A town is bound to exercise supervision over the making of any excavation or obstruction which it authorizes or permits in its highways, or over any, of which it has notice, made without its authority or permission. Knowledge on the part of the highway surveyor is notice to the town. His neglect is to be regarded as the neglect of the town, and the town is liable for the damages which result.

Affirming *Seamons v. Fitts, Town Treasurer,* 20 R. I. 443.

(2)  *Expert Evidence.*

The proper manner of filling excavations in streets being a matter calling for special knowledge, expert testimony is properly admissible.

(3)  *Notice to Town of Claim for Injuries.*

The presenting to the town clerk of the notice required by Pub. Laws R. I. cap. 1194, §§ 2 and 4,[1] to be presented to the town council of a town by a person receiving bodily injury through a defect in a public highway, conforms with the requirement of the statute.

*Semble :* The presenting of the notice on behalf of the injured party by a member of a town or city council in actual collective session is a compliance with the statute.

*Semble :* The service of such notice on the town treasurer is ineffective, he being without representative capacity under the statute for such purpose.

*Semble :* The service of the notice upon the individual members of a town council, when separate and apart from one another, is of no effect.

TRESPASS ON THE CASE, for neglect to keep a highway in repair.  Heard on petition of defendant for a new trial. New trial denied.

ROGERS, J.   This is an action of the case to recover damages for the alleged neglect of the town of East Greenwich to keep one of its highways in repair.   It has already been before this Division on the plaintiffs' petition for a new trial, 20 R. I. 443, and a new trial having been granted and the case having been tried again before a jury, wherein verdict was rendered for the plaintiffs in the sum of $2,000, it is now before us on the defendant's petition for a new trial, and this time upon the allegations that the verdict was against the evidence ; that the justice at the jury trial admitted evidence against defendant's objection contrary to law ; that the judge erred in charging the jury as to the law ; and that the damages awarded were excessive.

From the evidence it appeared that on May 12, 1895, the plaintiffs were driving in an express wagon along Main street in the village of East Greenwich, during a hard rain storm, and when at a point nearly opposite the town clerk's office, the horse's forefeet sank into a soft place in the road

---

[1] Re-enacted in Gen. Laws R. I. cap. 36, §§ 16 and 18.

for a considerable depth, throwing the horse down and pitching the plaintiffs headlong onto the ground, causing injury to Mrs. Seamons, which is the subject of this suit. It appeared that some nine weeks before the accident an excavation in the street had been made for the purpose of lowering water-pipe to prevent its freezing, and the plaintiffs claim that the excavation had been so negligently and improperly refilled that the earth in it had been softened by rains so that when plaintiffs' horse stepped on it on the day in question it would not bear him up; and thus the alleged injury was caused.

As the evidence was clear and practically without contradiction that an excavation was made in the public highway at the spot where the accident took place; that the excavation so made was improperly filled up; that as a consequence thereof the heavy rains shortly before and at the time of the accident made the filling soft and dangerous, although for a while after the refilling it seemed firm; as the highway surveyor of that district himself swore that he knew there was something being done there, as he could see the dirt thrown up on the side; that he saw a lantern there one night; that he never examined to see what the cause of it was, nor who made the excavation, nor supervised the refilling it, nor examined to see that it was properly done, the defendant's contention that the verdict was against the evidence in being for the plaintiffs, so far as the evidence relating to the accident

(1) itself goes, seems to us utterly untenable. As stated in this case, when previously before the court, a town is bound to exercise supervision over the making of any excavation or obstruction which it authorizes or permits in its highways, or over any of which it has notice, made without its authority or permission. Knowledge on the part of the highway surveyor is notice to the town. His neglect is to be regarded as the neglect of the town, and the town is liable for the damages which result. *Seamons* v. *Fitts, Town Treasurer*, 20 R. I. 443.

(2) The Common Pleas Division permitted experts in drainpipe laying, who had special knowledge and experience in

filling excavations, to testify, against the defendant's objection, as to the proper way to fill up excavations in streets to prevent them from becoming soft and miry, in order to aid the jury to determine whether the excavation that caused the accident was properly refilled, the person who made the excavation having himself testified as to the way and manner in which he had filled the excavation in question. That was a matter calling for special knowledge, and in our opinion expert testimony was properly admissible.

(3)    The statutes of the State require that highways within the bounds of any town shall be kept in repair and mended from time to time, so that the same may be safe and convenient for travelers, with their teams, carts, and carriages, at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the surveyor of highways of such town, Pub. Stat. R. I. cap. 65, § 1 ; and any person receiving or suffering bodily injury through a defect or want of repair in or upon a public highway in any town which is by law obliged to repair the same might, upon certain conditions, recover damage for such bodily injury not exceeding $4,000. Pub. Laws R. I. cap. 1194, §§ 1 and 3. Sections 2 and 4 of said last mentioned chapter are as follows:

"SEC. 2.  A person so injured or damaged shall, within sixty days thereafter, give to the town by law obliged to keep such highway, causeway, or bridge in repair, notice of the time, place, and cause of such injury or damage, and if the said town shall not make just and due satisfaction therefor, within the time prescribed by section 12 of chapter 34 of the Public Statutes, he shall, within one year after the date of such injury or damage, commence his action against the town treasurer for the recovery of the same, and not thereafter.

SEC. 4.  The notice required by section 2 shall be in writing, signed by the person injured or damaged, or by some one in his behalf, and shall be presented to the town council of the town or to the city council of the city ; but if from physical or mental incapacity it is impossible for the person injured to give the notice within the time prescribed in said section,

he may give the same within ten days after such incapacity is removed, and in case of his death without having given the notice and without having been for ten days at any time after his injury of sufficient capacity to give the notice, his executor or administrator may give such notice within thirty days after his appointment."

The defendant contends that the plaintiffs did not conform to said sections 2 and 4 as to notice, and that the required notice has not been given.

The evidence shows that the injury complained of was sustained on May 12, 1895, and that on July 3, 1895, a notice was severally served by the sheriff of Kent county upon the persons holding the offices of town treasurer and of town clerk, and upon four of the members of the town council of East Greenwich, and upon July 5, 1895, upon the other or fifth member of said town council, and that the notices so served were all duplicate originals signed by the plaintiffs. The notice began in this wise :

"STATE OF RHODE ISLAND.

KENT COUNTY.

TOWN OF EAST GREENWICH.

The Town of East Greenwich and the Honorable the Town Council of East Greenwich are hereby notified that the undersigned," &c., and then followed a description of the time, place, and cause of the injuries sustained, and many details in regard thereto and the amount of damages claimed to have been sustained thereby. The evidence of the sheriff showed that the said notice was served on each of said officials at different places, and not upon the members of the town council or upon the town clerk when the town council was in session ; that it was served upon the town clerk upon the street in East Greenwich, upon the town treasurer and upon councilman Briggs in the town clerk's office in East Greenwich, upon councilmen Andrews and Keelin at their places of business in said town, upon councilman Church in Providence, and he can't tell exactly where he did find councilman Brown.

There is no question raised, as we understand it, of the sufficiency of the notice, if properly served under the statute ; and the question now before us as to notice is as to the sufficiency of the service.   The testimony of George A. Loomis, who was on July 3, 1895, town clerk of the town of East Greenwich, is that he was served by sheriff Sprague with a notice in reference to the claim made in this suit, identifying the notice as the one put in on the trial of this case, and that he cannot fix the exact date ; but in answer to direct question 15 :  "Is there any doubt in your mind that it was served on you at the time Mr. Sprague states?" his answer was :  "There is not."   The notice being in proper form, and July 3d or July 5th, 1895, being within sixty days of the date of the accident, then the inquiry is narrowed to the question whether service upon either, any, or all of the persons served was a compliance with the statute.

We think that serving the notice required under said chapter 1194, §§ 2 and 4, upon the town treasurer, as done in this case, was utterly futile and ineffective.   A town treasurer is not the town council, nor its representative in any way in the service of the statute notice.   He represents the town by special statute provision so far as being the proper officer against whom to bring suit and to serve process of court upon in suing on a claim against the town, but as to the preliminary notice to be presented to the town council he is utterly without representative capacity under the statute.

Great difference of opinion seems to exist in practice as to what is a compliance with the statute as to notice to the town council in highway accident cases.   In some towns and cities the injured party always procures some member of the town or city council to present his claim to the council when in actual collective session within the required time.   That this is a compliance with the statute there can be no doubt ; but the notice in this case was not so served, and the question therefore arises whether that is the only effectual manner under the statute of serving the required notice.   The statute provides that the person injured shall *within sixty days thereafter* give the required notice, which means, of course,

that the notice shall be given within sixty days of the occurrence of the injury or damage, and if from physical or mental incapacity it is impossible for the person injured to give the notice within said sixty days, then he may give the same within ten days after such incapacity is removed.  The statute provides that town councils in towns where the council has probate jurisdiction shall hold regular meetings for the transaction of council and probate business as often as once in each month, Pub. Stat. R. I. cap. 38, § 2 ; and the council can meet as much oftener as it sees fit to adjourn to, from time to time.  If a town council only holds sessions monthly, however, as many of them, doubtless, do, and an injury occurred a week before a meeting of the town council, the next meeting being a month thereafter, there would be only two meetings of the town council within sixty days after the happening of the injury, and the last of such meetings would take place within forty days after the injury.  In a sense both meetings would thus be within sixty days after the accident, but clearly not within the sense intended by the statute, for that contemplates that the person injured shall have sixty days in which to give his notice, and if there is no meeting of the town council on the last day of the sixty days he does not have the full period allowed him by statute. And even if a meeting of the town council was held on the last of the sixty days, it seems to us that the intent of the statute was not that he was to have a limited number of opportunities merely within a space of sixty days, but that at any reasonable time, being the first, tenth, or any other day within sixty days after the injury, the injured party should be entitled to present his claim to the town council, just as filing papers in a case in court.  But suppose he was physically or mentally incapacitated from giving the notice within sixty days, and such incapacity ceased to exist two days after the time of holding a town council meeting, and no other meeting was to be holden for a month, then the requirement of the statute that he give notice within ten days after the removal of such incapacity would be utterly nugatory and

of no avail, which certainly could not have been within the intent of the statute.

The notice in this case, besides being served upon the town treasurer, was served upon or presented to the individual members of the town council when separate and apart from one another, and not when in session as the town council; which involves the inquiry whether this constituted the presenting notice to the town council required by the statute.

The town council is a collective body, and, in the words of the statute, "a majority of the persons elected members of any town council shall be a quorum; and a majority of the members present at any legal meeting may determine any matter legally before them." Pub. Stat. R. I. cap. 38, § 1. Technically speaking, then, the individual members of the town council, when separate and apart from one another, do not constitute the town council, but "a majority of the persons elected members of the town council present at any legal meeting" is necessary to constitute the town council; and the town council shall consist of not less than three nor more than seven members. Pub. Stat. R. I. cap 37, § 1. The charter of the city of Providence, § 11, cl. 2, provides that "the mayor, aldermen, and common council, in their joint capacity, shall be styled the city council." There are ten aldermen and forty common councilmen, hence, including the mayor, service would have to be made upon fifty-one persons, if an injury occurred in the city of Providence, if such a notice was requisite. This would entail an intolerable, if not a prohibitive, burden upon a claimant; for, apart from the labor and expense involved, if it were possible, it would be oftentimes impossible to get a service within sixty days upon the whole fifty-one, owing to the absence of some of them from the jurisdiction. We have not been able to discover that it was the imperative duty of any one of the council to be present at any given meeting and to bring any claim served upon him to such meeting and there present the same; although generally it would, of course, be the duty of

members to attend council-meetings as often as possible, and it is not of infrequent occurrence for individual members of the council to be absent from meetings. We do not believe that the statute contemplated service of the notice upon the separate and individual members in the manner the proof in this case shows it to have been done, and our opinion is that such service is of no effect.

As the only other way in which the notice was attempted to be served in this case was upon the town clerk, the inquiry arises whether that constituted a legal service under the statute.

Every town is required to have a town clerk, and to have a town clerk's office within the town, which officer by statute is required within thirty days of the time of being sworn into office to give bond to the town treasurer of the town, with sufficient surety in such sum as the town council of such town shall prescribe, conditioned for the faithful performance of the duties of his office. Pub. Stat. R. I. cap. 37, § 1; cap. 39, § 1. The duties of this officer are indicated in various sections of the statutes too numerous to refer to in detail, especially in title VII, "Of Towns and Town Officers," Pub. Stat. R. I. 101–119; but his duties are sufficiently defined and summarized for our purpose in 2 Bou. Law Dic. 1127, in this wise, viz.: "Town Clerk. A principal officer who keeps the records, issues calls for town meetings, and performs generally the duties of a secretary to the political organization." Here, then, is a sworn public town officer, under bond for the faithful performance of his duty, and whose duty it is to keep the records of the town council and therefore the custody of all papers coming before it, who is accessible at all times, whether the town council is in actual session or not, and who, when it is in session, is to attend the meetings thereof and record its doings, and to see that the papers in his hands for presentation to the council are there and presented to it. The town clerk, then, from the very nature of his duties, must be the officer or representative of the town council to receive papers intended for it and to see that such papers are presented to it. The existence of such an officer

would remove all apparent inconsistencies and incongruities in the statute, and would afford an opportunity to all claimants to avail themselves of all or any of the days allowed them in which to present their claims. In our opinion, the reason of the statute points unerringly to the town clerk as the one to whom, as the clerk of the town council and the custodian of its papers, the claim for damages may be presented in order to conform with the statute requirement of presenting the claim to the town council, and that the notice in this case, being properly addressed to the town council (*Whalen* v. *Bates*, 19 R. I. 275 ; *McKenna* v. *Bates*, 19 R. I. 610) and served on the town clerk within the time fixed by the statute, as shown in the case at bar to have been done, was a compliance with the statute requirement.

The objection that the damages given by the jury were excessive does not seem to us to be well founded. That Mrs. Seamons was caused pain and suffering by the negligence of the town of East Greenwich seems to us perfectly apparent from her own and her daughter's testimony ; and the jury, after hearing all the testimony, having fixed the amount at $2,000, we do not find anything in the testimony to justify us in reducing it.

Some objection to the judge's charge was made by the defendant, owing to his having read to the jury some portions of Gen. Laws R. I. cap. 72, as in force when the accident happened, whereas said chapter had not then been enacted. The portion so read, however, that was not in force by previous enactment, seems to us utterly inconsequential, as there was no claim by anyone that the town council had notice of the defects complained of, but only that the surveyor of highways had such notice, and that notice to him was all-sufficient. That such notice was sufficient by law at the time of the negligence complained of seems to us to be beyond question. *Jordan* v. *Peckham, Town Treas.*, 19 R. I. 28, 29.

We find nothing in any of the grounds advanced for a new trial to justify our granting one. The petition is therefore denied and dismissed, and the case is remitted to the

Common Pleas Division with direction to enter judgment for the plaintiff upon the verdict.

*Patrick J. McCarthy and Edward DeV. O'Connor*, for plaintiff.

*Samuel W. K. Allen*, for defendant.