JAMES TAYLOR *vs.* GEORGE H. PECK, Town Treasurer.

MAY 7, 1909.

PRESENT: Dubois, C. J.,. Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Municipal Corporations.   Notice of Time of Accident.*

Where notice of a claim given to a town council was shown at the trial of the action to have stated an erroneous date as the time when the accident occurred, such a notice not only being a condition precedent to the right to bring suit, but proof of legal notice by a plaintiff being a prerequisite to the right to recover, the defect is fatal.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant, and sustained.

BLODGETT, J. The notice of claim given to the town council in this case stated that the accident occurred on February 15, 1905, and upon the trial it was shown beyond question that the notice was erroneous in that the accident occurred on February 14, 1905. It is clear that notice of the "time" of the accident has not been given as required by Gen. Laws, cap. 36, § 16. It is one purpose of requiring the time to be specified in the notice, that the city or town may be enabled to produce evidence that the plaintiff was not at the place specified at the time specified, if such evidence exists, as well as to contest existence of the defect complained of at the time specified. In *Batchelder* v. *White, City Treasurer*, 28 R. I. 466, this court held that such a notice was not only "a condition precedent to the right to bring suit," but that proof of legal notice must be given by a plaintiff to entitle him to recover. This the plaintiff has failed to prove, and the verdict is accordingly not supported by the evidence.

Inasmuch as this defect in the notice is fatal to the case, the other objections urged against it are not considered.

The defendant's exception to the sufficiency of the evidence to support the verdict is sustained, and the case is remitted to the Superior Court with direction to enter judgment for the defendant.

*Thomas H. Crowley*, for plaintiff.

*Willis B. Richardson, Frank H. Hammill and James F. Lavander*, for defendant.