332 A.2d 781.

MURIEL TESSIER *et ux. vs.* ANN & HOPE FACTORY OUTLET, INC. *et al.*

FEBRUARY 25, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The plaintiffs are husband and wife who seek damages for injuries sustained when the wife stepped into a hole while alighting from her automobile in a parking lot maintained by the defendant Ann & Hope Factory Outlet, Inc. Being uncertain whether that hole was actually located in Ann & Hope's parking lot or on an adjacent sidewalk owned by the town of Cumberland, the plaintiffs commenced this action in the Superior Court against both Ann & Hope and the town treasurer, the latter being the town official against whom such suits are brought. The treasurer moved to dismiss on the ground that the plaintiffs had failed to comply with G. L. 1956 (1970 Reenactment) §45-15-9, which requires a person, before he can commence an action under §45-15-8 for injuries sustained "by reason of defect, want of repair * * * in or upon a public highway," to give notice to the town, within 60 days, of the time, place, and cause of the injury. That motion was granted, and the plaintiffs appealed. We remanded because the plaintiffs had failed to obtain the

certificate required under Super. R. Civ. P. 54(b) notwithstanding that fewer than all of the claims or rights of the parties had been adjudicated in a case involving multiple parties and claims. *Tessier* v. *Ann & Hope Factory Outlet, Inc.*, 113 R. I. 921-22, 320 A.2d 616 (1974).

Following our remand, the plaintiffs moved to vacate the judgment against them, contending that the §45-15-9 60-day notice requirement violates the equal protection provisions of the federal and state constitutions. When the trial justice denied that motion and reaffirmed his earlier judgment for the defendant, the plaintiffs appealed, this time satisfying Rule 54(b).

The principal issue to be addressed is the validity of the §45-15-9 notice requirement. The plaintiffs argue that it violates their constitutional right to equal protection of the laws because it arbitrarily and unreasonably separates the natural class of all tortfeasors into two differently treated subclasses: private parties to whom no notice of a claim is required, and governmental entities to whom notice must be given. They also argue that just as the §45-15-9 notice requirement irrationally divides the class of tortfeasors into two classes, so, too, does it divide tort victims into two subclasses: those injured as a result of governmental negligence who must meet the notice requirement, and those injured by private negligence who need not do so. The plaintiffs' position is supported by a few recent cases which hold that kind of classification to be arbitrary. *Reich* v. *State Highway Dept.*, 386 Mich. 617, 194 N.W.2d 700 (1972); *Turner* v. *Staggs*, 89 Nev. 230, 510 P.2d 879, *cert. denied*, 414 U. S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973). The rule followed by most courts, however, is that similar notice requirements imposed only on victims of government tortfeasors are rationally based and hence are constitutionally valid. *E.g.*, *Tammen* v. *County of San Diego*, 66 Cal.2d 468, 426 P.2d

753, 58 Cal.Rptr. 249 (1967); *Lewis* v. *City & County of San Francisco*, 21 Cal.App.3d 339, 98 Cal.Rptr. 407 (1971); *McCann* v. *City of Lake Wales*, 144 So.2d 505 (Fla. 1962); *King* v. *Johnson*, 47 Ill.2d 247, 265 N.E.2d 874 (1970); *Touhey* v. *City of Decatur*, 175 Ind. 98, 93 N.E. 540 (1911); *Randolph* v. *City of Springfield*, 302 Mo. 33, 257 S.W. 449 (1923); *Brantley* v. *City of Dallas*, 498 S.W.2d 452 (Tex. Civ. App. 1973). *See Annot.*, 59 A.L.R.3d 93 (1974). These courts say that the classification has a rational purpose, and we have long recognized that purpose as being "* * * to advise the city in what the alleged negligence consists and give an opportunity to investigate, while the facts are fresh and witnesses are available and before the conditions have materially changed, and *to decide intelligently whether it is advisable to settle the claim and, if necessary, to prepare for trial.*" *Lane* v. *Cray*, 50 R. I. 486, 488, 149 A. 593, 594 (1930). *Accord, Malo* v. *McAloon*, 65 R. I. 26, 31, 13 A.2d 245, 247 (1940); *Taylor* v. *Peck*, 29 R. I. 481, 72 A. 645 (1909); *Maloney* v. *Cook*, 21 R. I. 471, 44 A. 692 (1899). Nothing in plaintiffs' argument persuades us that this purpose is any less valid today than when first pronounced, or that it ought not suffice as a rational basis for the §45-15-9 notice requirement.[1]

The plaintiffs also argue that §45-15-9 ought to be deemed inoperative and void because, subsequent to its enactment, the Legislature provided in G. L. 1956 (1969 Reenactment) §9-31-1 that municipalities shall be subject to liability for "* * * all actions of tort *in the same manner* as a private individual or corporation * * *." (Emphasis added.) Apparently, their contention is that

---

[1]Today's decision does not reach the question of whether our notice of claim requirement can withstand constitutional scrutiny when applied to minors or to those incapacitated as a result of the accidents involved in their claims.

the Legislature must have intended the italicized language to repeal §45-15-9, and that therefore compliance with the notice provision was unnecessary. We cannot agree. The plaintiffs themselves refer in their brief to G. L. 1956 (1970 Reenactment) §43-3-26, which states that a conflict between general and specific statutory provisions relating to the same subject matter, if effect cannot be given to both, shall be resolved in the latter's favor. If there be a conflict here, the plaintiffs have offered no sound reason for disregarding this legislative directive.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Oster, Espo, Fay & Groff, Irving N. Espo*, for plaintiffs.

*James M. Shannahan*, Town Solicitor, for defendant Joseph Griffin, Treasurer of the Town of Cumberland,