Barbara HARELD

v.

Stephen NAPOLITANO, in his capacity as Treasurer of the City of Providence.

No. 91–309–Appeal.

Supreme Court of Rhode Island.

Nov. 16, 1992.

Paul S. Cantor, Providence, for plaintiff.

Richard G. Riendeau, Pawtucket, Irving Brodsky, City Sol., for defendant.

OPINION

SHEA, Justice.

In this matter the plaintiff appeals from the granting of the defendant's motion for a directed verdict in the Superior Court. This law suit arose out of a slip and fall resulting in injuries to the plaintiff, Barbara Hareld, caused by an accumulation of

snow and ice on a city-owned sidewalk in the city of Providence. We affirm.

General Laws 1956 (1989 Reenactment) § 24–5–14 requires that the cities and towns provide for ice and snow removal from public highways and sidewalks. The statute also provides that nothing in that section shall be construed to make the municipality liable for failure to remove the snow and ice unless the municipality has received notice of the ice or snow obstruction at least twenty-four hours before the injury occurred. The parties agree that defendant city was not given notice of the obstruction twenty-four hours before the occurrence of plaintiff's injury as required by § 24–5–14.

 On appeal plaintiff raises two issues. She first argues that the trial justice ruled improperly that the notice required under § 24–5–14 was a condition precedent that must be complied with before she can bring this tort action against the municipality. The defendant argues that in *Barroso v. Pepin*, 106 R.I. 502, 261 A.2d 277 (1970), this court recognized that in implementing the waiver of governmental immunity as set out in G.L.1956 (1968 Reenactment) chapter 5 of title 24 and G.L.1956 chapter 15 of title 45, the Legislature intended to provide procedures for bringing actions against municipalities for injuries. In *Barroso* this court also recognized that the Legislature included the notice requirements as conditions precedent to bringing the claim to limit the availability of such claims. The court said:

"[T]he statutory remedy herein provided was created by the legislature and, therefore, it must be conceded that in such circumstances the jurisdiction of the court depends upon strict compliance with the terms set out in the statute as a condition precedent to access to the courts for the relief contemplated. It is fundamental that when a legislature establishes a right of action against a municipality for recovery of damages for injuries sustained by reason of the negligent maintenance of its [public roads and walkways] * * * it may also provide as a condition precedent to access to the

courts that a notice in writing of such claim for injuries be presented to the municipal authorities within some specified period of time * * *." *Barroso*, 106 R.I. at 506, 261 A.2d at 279.

In *Barroso* the plaintiff was in an identical situation to that of plaintiff in this case. She had fallen on an icy sidewalk and suffered injuries. She brought suit against the city pursuant to the provisions of § 45–15–5. The city argued that the suit should be dismissed because the plaintiff's right to sue, conferred by §§ 45–15–8 and 45–15–9, required that the municipality be given notice of the claim within sixty days of its occurrence. The plaintiff argued against dismissal, saying that §§ 45–15–8 and 45–15–9 were not applicable because a separate remedy was available under §§ 24–5–13 and 24–5–14. This court held however, that chapter 5 of title 24 was not enacted to establish any distinct and separate remedy applicable to snow and ice cases but rather to restrict availability of § 45–15–8 in such cases. *Barroso*, 106 R.I. at 508, 261 A.2d at 280. In that case the trial court's grant of the city's motion to dismiss was affirmed.

 Also, in her brief plaintiff adopts a very narrow interpretation of § 24–5–14 regarding the notification that must be given. She argues that she, the claimant, must be the person who notifies the city of the ice or snowy condition, thereby automatically exposing herself to a virtual admission of comparative negligence. The fact is that the statute does not mandate that the claimant be the person who gives notice to the city. The sole requisite is that notice must have been given of the obstruction or dangerous situation by someone at least twenty-four hours before the time of the injury. The obvious rationale behind that requirement was that the municipality would then have an opportunity to eliminate the accumulation of ice and snow if it desired to do so. The fact that in this case the director of public works for the city stated that if given notice, the city would probably not have taken corrective action does not change the situation. The statute

sets forth a condition precedent that any claimant must meet.

■ In the second issue plaintiff argues that the notice requirement in § 24–5–14 is unconstitutional and therefore not a bar to her claim against the city. She bases her argument on a statement we made in *Kennedy v. Cumberland Engineering Co.*, 471 A.2d 195 (R.I.1984): "The total denial of access to the courts for adjudication of a claim even before it arises, however, most certainly 'flies in the face of the constitutional command found in art. I, § 5,' " of the Rhode Island Constitution.[1] 471 A.2d at 198. We also stated in *Kennedy* that "[c]learly, art. I, sec. 5 * * * should not be interpreted to bar the Legislature from enacting any laws that may limit a party from bringing a claim in our courts." 471 A.2d at 198. There are many instances wherein the Legislature has placed reasonable limits or burdens on the person's right to have his or her claims adjudicated by the courts. *See Walsh v. Gowing*, 494 A.2d 543 (R.I.1985); *Young v. Park*, 116 R.I. 568, 359 A.2d 697 (1976).

This court had occasion to pass on the constitutionality of this kind of statutory-notice provision in *Tessier v. Ann & Hope Factory Outlet, Inc.*, 114 R.I. 315, 332 A.2d 781 (1975). At issue in that case was the notice provision in § 45–15–9 which required that a person, before being able to commence an action under § 45–15–8 for injuries sustained "by reason of defect, want of repair * * * in or upon a public highway," give notice to the town within sixty days, of the time, the place, and the cause of the injury. 114 R.I. at 316, 332 A.2d at 781–82. In that case the plaintiffs argued that the notice requirement violated their right to equal protection of the laws because it arbitrarily and unreasonably separated the natural class of all tortfeasors and also victims into two differently treated subclasses. In that case, after reviewing opinions from other courts that had addressed the question,[2] this court adopted the majority rule that such notice and requirements that are imposed only on victims of governmental tortfeasors were rationally based and therefore constitutionally valid. The courts issuing those opinions hold that the classification has a rational purpose. This court has stated that that purpose is to advise the city of the alleged negligence and to give it an opportunity to investigate while the facts are fresh and witnesses are available and before the conditions have materially changed. Although in *Tessier* the court was addressing § 45–15–9, it is our opinion that the same rationale could be applied to § 24–5–14, which was intended to afford the city an opportunity to take remedial action before someone was injured after weather conditions had created a hazard.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

1. Article 1, section 5, of the Rhode Island Constitution reads in part: "Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which may be received in one's person, property, or character."

2. *E.g., Tammen v. County of San Diego*, 66 Cal.2d 468, 426 P.2d 753, 58 Cal.Rptr. 249 (1967); *Lewis v. City & County of San Francisco,* 21 Cal.App.3d 339, 98 Cal.Rptr. 407 (1971); *McCann v. City of Lake Wales*, 144 So.2d 505 (Fla.1962); *King v. Johnson*, 47 Ill.2d 247, 265 N.E.2d 874 (1970); *Touhey v. City of Decatur*, 175 Ind. 98, 93 N.E. 540 (1911); *Randolph v. City of Springfield*, 302 Mo. 33, 257 S.W. 449 (1923); *Brantley v. City of Dallas*, 498 S.W.2d 452 (Tex.Civ.App.1973); *see Annot.*, 59 A.L.R.3d 93 ( 1974).