**Gloria MARSHALL and George Marshall**

v.

**CITY OF PROVIDENCE.**

**No. 92–666–Appeal.**

Supreme Court of Rhode Island.

Oct. 18, 1993.

Nicholas Gorham.

Richard Riendeau, Joseph Casale.

### ORDER

This matter was before the Supreme Court pursuant to an order issued to the plaintiff to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case plaintiffs have appealed from an order in the Superior Court granting defendant City of Providence's motion for summary judgment. In doing so the Superior Court ruled that plaintiff's notice to the city of injuries suffered because of a defect in the sidewalk was insufficient under G.L.1956 (1991 Reenactment) § 45–15–9 as a matter of law.

After reviewing the memoranda submitted by the parties and after hearing their counsel

in oral argument, the court is of the opinion that cause has not been shown.

Section 45–15–9(a) provides that "a person injured shall within sixty days give to the municipality notice of the time, place and cause of the injury * * *." In *Maloney v. Cooke,* 21 R.I. 471, 44 A. 692 (1899) plaintiff had notified the city that she had fallen "while walking on the southerly side of Church Street." This court ruled that notice was insufficient or too vague and general to meet the statute's purpose of adequately informing the city council of the defect causing the injury.

We have ruled that the notice requirement is a condition precedent to the plaintiff's right of action. *Hareld v. Napolitano,* 615 A.2d 1015, 1016 (R.I.1992) (citing *Barroso v. Pepin,* 106 R.I. 502, 506, 261 A.2d 277, 279 (1970)). It may not be waived. *Batchelder v. White,* 28 R.I. 466, 68 A. 320 (1907).

Our interpretation is a strict one because for many years this court has construed that to be the intent of the Legislature in enacting this statute. Any change, therefore, should come from the Legislature.

In view of the above, plaintiffs' arguments in support of an estoppel theory are unavailing.

For these reasons the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

FAY, C.J., did not participate.