Higenia NATARENO

v.

John K. MARTIN, in his capacity as Treasurer of the City of Warwick.

No. 97–83–A.

Supreme Court of Rhode Island.

May 23, 1997.

Christopher Fay, Cranston.

Melody Alger, Providence.

**ORDER**

This matter is here on the plaintiff's appeal from the dismissal of her complaint on the grounds that she failed to comply with the notice requirement of G.L. 1956 (1991 Reenactment) § 45–15–9. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

In this case a justice of the Superior Court determined that plaintiff was not entitled to recover for personal injuries sustained from a fall on a sidewalk on Lincoln Avenue in the City of Warwick. The trial justice found that plaintiff had not provided timely notice of the claim to the city. This court has held that the notice requirement of § 45–15–9(a) is a condition precedent to the plaintiff's right of action, *Marshall v. City of Providence*, 633 A.2d 1360, 1361 (R.I.1993) (mem.), and may not be waived. *See Batchelder v. White*, 28 R.I. 466, 68 A. 320 (1907) (per curiam).

The plaintiff has asserted that she did not need to comply with the notice requirement set forth in § 45–15–9 because she is not alleging a defect, but rather she is alleging negligence by the city in the maintenance of the sidewalk. She also asserted that she had a cause of action pursuant to G.L. 1956 (1989 Reenactment) § 24–5–13. We disagree with the plaintiff's contentions. In *Barroso v. Pepin*, 106 R.I. 502, 261 A.2d 277 (1970), a similar argument was advanced and rejected. This court stated that § 24–5–13 set out a waiver of governmental immunity and §§ 45–15–8 and 45–15–9 set forth the procedures for bringing an action against a municipality. We find the reasoning set forth in *Barroso* to be compelling in the instant case.

We have carefully considered the record in this case and the arguments of the appellant, and, for the reasons stated above, we find that the trial justice did not err. Consequently, the plaintiff's appeal is denied and dismissed.