**Robert CONNOR**

v.

**Stephen NAPOLITANO in his capacity as Treasurer of the City of Providence.**

No. 97–0028–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 1998.

Carolyn Ann Mannis, Joyce A. Faraone, Providence.

Richard G. Riendeau, Providence, Alan E. Kornstein.

## AMENDED ORDER

This case came before a hearing panel of this court January 20, 1998, for oral argument pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Robert Connor, has appealed from the entry of summary judgment in the Superior Court in favor of the defendant, city of Providence. A justice of the Superior Court granted summary judgment on the ground that the plaintiff had failed to meet the notice requirements set forth in G.L. 1956 §§ 45–15–9 and 45–15–10.

These sections provide that any person who is injured on a public highway or sidewalk shall give notice to the city or town within sixty days of the injury "of the time, place, and cause of the injury or damage; * * *" Section 45–15–9. Section 45–15–10 provides in pertinent part:

"The notice required by § 45–15–9 shall be in writing, signed by the person injured or damaged, or by someone in the person's behalf, and shall be presented to the town council of the town or to the city council of the city; * * *."

In the case at bar it is undisputed that plaintiff sent notice within a period of sixty days of his injury on Murray Street in Providence, but that this notice was sent not to the city clerk, but to the city solicitor. This court held in *Seamons v. Fitts,* 21 R.I. 236, 42 A. 863 (1899), that service upon the town treasurer did not meet the requirements of the statute since the town treasurer is not the town council, nor its representative to receive service of the statutory notice. The court went on to hold that notice should be given to the town clerk because that officer serves as a representative of the town council to receive papers intended for that body and has the duty to see to it that such papers are presented to the council.

We believe that the rationale in *Seamons* was sound. One who is required to give notice to a city or town council should do so by sending the notice to the city or town clerk whose function it is to keep the records of the council and to receive communications and notices on its behalf. There is no question that there are other officers who may interact with the city or town council or perform functions that may assist the council. Such an officer would include a solicitor as well as town or city treasurer or indeed a host of other town or city officers. The virtue of the *Seamons* doctrine is its simplicity and its long-settled tenure. Any notice required by §§ 45–15–9 and 45–15–10 should be mailed to or served upon the town or city clerk.

Since the notice was not sent to the appropriate officer, the requirements of the statute were not met. These requirements must be strictly obeyed as a condition precedent to the right of action. *See e.g., Marshall v. City of Providence,* 633 A.2d 1360, 1361 (R.I.1993); *Hareld v. Napolitano,* 615 A.2d 1015, 1016 (R.I.1992).

Consequently, the trial justice was correct in granting summary judgment since the required notice was not sent to the appropriate city officer.

LEDERBERG and BOURCIER, JJ., did not participate.