Gloria MORALES, Rolando Morales
and Sonia Ferrer

v.

Stephen T. NAPOLITANO, in His
Capacity as the City Treasurer
for the City of Providence.

No. 97–527–A.

Supreme Court of Rhode Island.

April 8, 1998.

**AMENDED ORDER**

This case is here on the plaintiffs' appeal from an entry of summary judgment in favor of the City of Providence through its treasurer, Stephen T. Napolitano. The lower court entered summary judgment upon determining that plaintiffs had failed to comply with the statutory notice requirement of G.L.1956 (1991 Reenactment) §§ 45–15–9 and 45–15–10. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

On August 27, 1993, plaintiffs Gloria Morales and Sonia Ferrer were involved in an automobile accident at an intersection in the City of Providence. According to plaintiffs, a stop sign which controlled the intersection had previously been knocked down, and its absence contributed to the accident. On September 3, 1993, plaintiffs sent letters to both the city treasurer and city solicitor for Providence, describing the date and location of the accident, and alleging negligence in the city's failure to maintain the stop sign. The letter requested that the city send plaintiffs a proof of claim form so that plaintiffs could pursue a claim against the city.

Apparently, plaintiffs' request was forwarded to the city clerk, who on September 7, 1993 sent plaintiffs a blank petition for reimbursement form, and advised plaintiffs to return the form along with certain other supporting documents. On May 20, 1994, plaintiffs submitted a completed petition to the city council, which was filed with the city clerk. Eventually, the plaintiffs filed a complaint in the Providence County Superior Court against the city, claiming negligence in its failure to maintain the stop sign. The city filed a motion for summary judgment, claiming that plaintiffs had failed to give notice of their injuries to the city council within 60 days as required by §§ 45–15–9 and 45–15–10. After a hearing, the city's motion for summary judgment was granted.

Section 45–15–9 provides, in pertinent part, that any person injured on a public highway must give notice to the city or town "of the time, place and cause of the injury or damage[,]" within 60 days of the injury. Section 45–15–10 requires that such notice "shall be in writing, signed by the person injured or damaged, or by someone in the person's behalf, and shall be presented to the town council of the town or to the city council of the city[.]" In *Seamons v. Fitts*, 21 R.I. 236, 42 A. 863 (1899), we held that service of the notice upon the city clerk complied with the statutory requirement.

In the instant case, plaintiffs served both the city treasurer and the city solicitor with the notice. We have previously held that

service on neither of these city officials is sufficient under the statutory scheme. *Seamons,* 21 R.I. at 241, 42 A. at 865 (service of notice upon town treasurer "utterly futile and ineffective"); *Connor v. Napolitano,* 706 A.2d 1333 (1998) (mem.) (city solicitor not appropriate city officer to receive notice). Notwithstanding this precedent, plaintiffs contend that they achieved compliance with the statute because either the city treasurer or solicitor forwarded the September 3, 1993 letter to the city clerk within the 60 day period. Assuming for the purpose of argument that plaintiffs' September letter did, in fact, find its way to the city clerk within the required time frame, we nevertheless find that the trial justice was correct in granting summary judgment to the city.

In *Connor* we stated that the requirements of §§ 45–15–9 and 45–15–10 "must be strictly obeyed[.]" *Connor,* at 1334. In *Natareno v. Martin,* 694 A.2d 749 (R.I.1997) (mem.), we restated our long-held determination that "the notice requirement of 45–15–9(a) is a condition precedent to the plaintiffs right of action, ... and may not be waived." *Id.* at 750 (citing *Marshall v. City of Providence,* 633 A.2d 1360, 1361 (R.I.1993) (mem.); *Batchelder v. White,* 28 R.I. 466, 68 A. 320 (1907) (per curiam)). *See also Mushnick v. Providence,* 692 A.2d 700, 700 (R.I.1997) (mem.); *Ramos v. Napolitano,* 633 A.2d 1361, 1361 (R.I.1993) (mem.).

In the instant case, the plaintiffs failed to satisfy the statutory condition precedent of serving notice upon the city council or city clerk. To consider the requirements of §§ 45–15–9 and 45–15–10 satisfied by the fact that the city clerk fortuitously received actual notice by means not contemplated in the statutes, would be to construe the requirements of the statutes as either being subject to waiver, or capable of being satisfied by substantial compliance. As noted above, we have consistently held that neither construction is viable.

For the foregoing reasons, the plaintiffs' appeal is denied and dismissed.