Melissa MOSELEY et al.

v.

**Kevin FITZGERALD in his capacity as Treasurer of the City of East Providence et al.**

v.

**New England Telephone and Telegraph Company et al.**

No. 99–544–Appeal.

Supreme Court of Rhode Island.

June 19, 2001.

Charles H. McLaughlin, Providence, for plaintiff.

Melody A. Alger, Dennis S. Baluch, Glenn R. Friedemann, Providence, Holly Rao, Warwick, Thomas C. Angelone, Providence, for defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

These consolidated cases came before the Supreme Court on May 17, 2001, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiffs, Melissa M. Moseley, Robert F. Moseley, Robert F.

Moseley and Mary Jane Moseley [1] (plaintiffs), have appealed a grant of summary judgment in favor of defendants, the City of East Providence (city or defendants), and New England Telephone and Telegraph Company [2] (Verizon or defendants).[3] After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, we shall decide the case at this time.

### Facts and Travel

On December 8, 1995, at approximately 8 p.m., Melissa Moseley suffered a serious head injury as the result of a fall alleged to have occurred because of the placement of a guy wire that supported a utility pole.[4] The impact from the collision caused her to fall backward and strike her head on the sidewalk. The utility pole is owned jointly by Verizon and Narragansett Electric. The pole was on property owned by the city that was the site of both an elementary school and a public playground. The plaintiffs originally filed three separate actions—against the city, Verizon, and Narragansett Electric.[5] The three actions were consolidated in the Superior Court.

In the complaint against the city, plaintiffs alleged that East Providence was negligent in allowing the erection and maintenance of an unprotected guy wire, on a sidewalk, in an area that is frequented by children and other pedestrians. The plaintiffs further contended that the guy wire was particularly dangerous in light of its close proximity to an elementary school and a playground, and that the city failed to warn the public about the danger at this location. The city thereafter moved for summary judgment. At a hearing on the motion, the hearing justice indicated that the city may have breached a duty by allowing a school to be built so near an unprotected guy wire, but that such an allegation was not reflected in the pleadings. The city argued that in any claim for an injury occurring on a sidewalk adjacent to a public highway, a plaintiff is required, within sixty days of his or her injury, to provide notice of the defect to the city pursuant to G.L.1956 § 45-15-9; and, in this case it is undisputed that plaintiffs failed to give the requisite notice.[6]

1. Moseley was fifteen years old at the time of the incident and, as a result her father, Robert F. Moseley, sued on her behalf. In addition, her father and her mother, Mary Jane Moseley, sued in their individual capacity arguing that because of defendants' negligence, they were deprived of the society and companionship of their minor daughter.

2. The name of New England Telephone and Telegraph Company has been changed to Verizon since the inception of this action.

3. Narragansett Electric Company (Narragansett Electric) also was a defendant in this action, and originally appealed the grant of summary judgment in favor of the city. However, Narragansett Electric withdrew it's appeal pursuant to a stipulation filed with this Court on February 23, 2001. Therefore, that appeal is not before the Court.

4. A "guy" wire was described as a metal cable, or strong metal wire, extending from a utility pole to an anchor positioned in the ground.

5. The action against the Narragansett Electric was filed on January 24, 1997, against Verizon on February 17, 1998, and against the city on February 23, 1998.

6. General Laws 1956 § 45-15-9, entitled "Notice of injury on highway or bridge—Commencement of action" provides in pertinent part:

"(a) *A person so injured or damaged shall, within sixty (60) days, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage;* and if the town does not make just and due satisfaction, within the time prescribed by § 45-15-5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the

The hearing justice continued the matter to allow for additional discovery and for plaintiffs to amend their pleadings. On September 22, 1999, the city's motion for summary judgment was granted pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The hearing justice reasoned that based upon the pleadings, which were not amended as per her suggestion, she could not find a duty owed to the plaintiffs. Judgment was entered in favor of the city on September 27, 1999. The trial justice failed to reach the issue of plaintiffs' failure to comply with § 45–15–9.

Thereafter, plaintiffs proceeded in their action against Verizon, alleging that defendants negligently erected and maintained the guy wire. Further, plaintiff contended that defendants negligently placed and maintained the guy wire in close proximity to an elementary school and a playground, that defendants "knew or should have known that the unprotected guy wire constituted a danger to pedestrians in the area, especially children * * *." Verizon subsequently filed a motion for summary judgment, that was heard on October 24, 2000. Based on the materials submitted by the parties evincing an agreement between Verizon and Narragansett Electric that established that Narragansett Electric was responsible for the maintenance of the guy wire in question, the hearing justice found that Verizon owed no duty to plaintiffs. She found that, although the utility pole was jointly owned by Verizon and Narragansett Electric, the guy wire was owned solely by Narragansett Electric, and therefore Verizon had no duty to make it safe for pedestrians. Judgment was entered pursuant to Rule 54(b) on October 25, 2000.

town treasurer for the recovery of damages, and not thereafter." (Emphasis added.)

7. General Laws 1956 § 39–2–1, entitled "Reasonable and adequate services—Reasonable

## Discussion

■■■ The law is well settled in Rhode Island, that this Court will review a grant of summary judgment on a *de novo* basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). "In conducting such a review, we are bound by the same rules and standards as those employed by the trial justice." *M & B Realty, Inc. v. Duval*, 767 A.2d 60, 63 (R.I.2001) (citing *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)). The party opposing summary judgment bears the burden of proving, by competent evidence, the existence of facts in dispute. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). "Accordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998) (quoting *Rotelli*, 686 A.2d at 93).

■■ With respect to Verizon, plaintiffs argued that Verizon had a statutory duty to furnish safe facilities pursuant to the provisions of G.L.1956 § 39–2–1(a).[7] Further, plaintiffs contended that Verizon knew or should have known that the unprotected guy wire connected to its utility pole on a public sidewalk created an unreasonably dangerous condition and that Verizon had a duty to warn of such a danger. Thus, plaintiffs maintained that the hearing justice erred in reasoning that, although Verizon is a co-owner of the pole in question, Narragansett Electric is the

and just charges," provides in pertinent part: "(a) Every public utility is required to furnish safe, reasonable, and adequate services and facilities."

owner of the guy wire and, therefore, is solely liable.[8] We disagree with the conclusion of the hearing justice.

■ "An action in negligence is maintained when the plaintiff shows that the defendant breached a duty of care owed to the plaintiff and that this breach proximately caused an injury to the plaintiff resulting in actual damages." *Forte Brothers, Inc. v. National Amusement, Inc.*, 525 A.2d 1301, 1303 (R.I.1987). The basis for imposing a duty of care in premises liability cases is that the defendants must have possession and control over the premises. *See Ferreira v. Strack*, 636 A.2d 682, 685 (R.I.1994); *see also Kelly v. Rhode Island Public Transit Authority*, 740 A.2d 1243, 1249–50 (R.I.1999) (passenger entering a depot owned and controlled by a common carrier is owed a heightened duty of care). The evidence established that Verizon had joint control over the utility pole to which the guy wire was attached. A witness for Verizon gave testimony, in the form of a deposition, that it was common practice for Verizon to inform Narragansett Electric if maintenance personnel from Verizon noticed a problem with the guy wire. With dual ownership and control comes dual responsibility. Because Verizon had equal ownership and control over the utility pole to which the guy wire was attached, it also had the responsibility of ensuring that the pole was safe and free from a harmful or dangerous condition. This duty extends to the placement of the guy wire and the fact that it was erected at the sufferance of Verizon. If such a dangerous condition existed, Verizon had a duty, equal to that of Narragansett Electric, to correct the dangerous condition and to warn passersby of the peril. The fact that Narragansett Electric may or may not be responsible for the maintenance of the guy wire pursuant to an agreement with Verizon certainly would be relevant in an action between the two utility companies, but it does not immunize Verizon from liability with respect to these plaintiffs. For these reasons, we reverse the decision of the hearing justice with respect to summary judgment in favor of Verizon.

■ "We have long held that this Court can affirm the judgment of the Superior Court on grounds not actually relied upon by the trial court to justify its ruling." *State v. Lynch*, 770 A.2d 840, 847 (R.I.2001) (citing *Ahlburn v. Clark*, 728 A.2d 449, 452 (R.I.1999); *C & J Leasing Corp. v. Paolino*, 721 A.2d 839, 841 (R.I. 1998); and *State v. Nordstrom*, 529 A.2d 107, 111–12 (R.I.1987)). In the case at bar, plaintiffs' claim is based on an injury suffered as the result of a fall on a sidewalk adjacent to a public highway. The plaintiffs instituted a cause of action against the city to recover for those injuries. This Court has held on numerous occasions that, pursuant to § 45–15–9, a person injured on a highway or bridge shall give notice to the town within sixty days of the injury in order to afford the town with an opportunity to make just and due satisfaction before the commencement of litigation. It is clear that the requirements of § 45–15–9 must be strictly obeyed and that the notice requirement is a "condition precedent to the plaintiff's right of action, * * * and may not be waived." *Morales v. Napolitano*, 713 A.2d 193, 194 (R.I.1998) (quoting *Natareno v. Martin*, 694 A.2d

---

8. Pursuant to an order of this Court, the parties were directed to address the issue of whether a Superior Court justice had jurisdiction to grant summary judgment to Verizon after the summary judgment in favor of the city in the consolidated action had been appealed to this Court. Because of our decision in this case, we need not address that issue at this time.

749, 750 (R.I.1997) (mem.) and citing *Mushnick v. Providence*, 692 A.2d 700, 700 (R.I.1997) (mem.); *Marshall v. City of Providence*, 633 A.2d 1360, 1361 (R.I.1993) (mem.); *Ramos v. Napolitano*, 633 A.2d 1361, 1361 (R.I.1993) (mem.); *Batchelder v. White*, 28 R.I. 466, 68 A. 320 (1907)). In the instant case, plaintiffs' failure to satisfy the statutory condition precedent of serving notice of the injury upon the city is fatal to their claim. Although this fact was overlooked by the hearing justice, it is determinative of the issues before this Court. For this reason, we affirm the grant of summary judgment in favor of the city.

Accordingly, the plaintiffs' appeal is sustained in part and denied in part. The judgment in favor of the city is affirmed and the judgment with respect to Verizon is vacated. The papers in this case may be remanded to the Superior Court for further proceedings in accordance with this decision.