Susan McNULTY

v.

**CITY OF PROVIDENCE et al.**

**No. 2008–146–Appeal.**

Supreme Court of Rhode Island.

May 13, 2010.

Fred L. Mason, Jr., Esq., for Plaintiff.

Michael R. Calise, Esq., Providence, for Defendants.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice ROBINSON for the Court.

The plaintiff, Susan McNulty, appeals from the grant of summary judgment by the Superior Court in favor of the defendant, the City of Providence. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons set forth below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The plaintiff alleges that, on October 9, 2002, as she was walking on the sidewalk at the intersection of Weybosset Street and Claverick Street in Providence, she tripped and fell due to what she has described as "protrusions of conduit type material" that were allegedly jutting out of the concrete sidewalk.[1] She further alleges that she suffered injuries as a result of that fall.

The plaintiff also alleges that, within a week of her fall, she contacted the City of Providence's Department of the City Clerk in order to advise the city of the condition of the sidewalk and in order to notify the city of her intent to file a claim for injuries sustained as a result of what she called the city's "negligence in failing to properly maintain the area where the incident occurred." The plaintiff further alleges that she advised the clerk with whom she spoke in the City Clerk's office of (1) the circumstances surrounding her fall; (2) her allegation that she had sustained injuries and incurred medical expenses as a result of the fall; and (3) her intent to file a claim against the city. She contends that the clerk informed her that the appropriate documentation and instructions as to how to complete the documentation would be sent to her. The plaintiff alleges that the clerk did not at any time advise her "that there were any time or other limitations required to file a claim with the City of

---

1. It is plaintiff's surmise that the material over which she tripped was detritus left over from a prior construction project in the area where she fell.

Providence, other than completing the documentation * * *."

The plaintiff thereafter received a letter, dated October 29, 2002, from City Clerk Michael Clement; enclosed with that letter was a document which Mr. Clement described as "a blank petition form to the City Council."[2] It is undisputed that neither the letter nor the enclosed petition form indicate that, pursuant to G.L. 1956 § 45–15–9 and § 45–15–10, a person alleging injury (in circumstances such as plaintiff's) must give the city written notice within sixty days of the alleged injury as a prerequisite to seeking recovery from the city. In the instant case, plaintiff's written notice was received by the city on April 4, 2003—nearly six months after the alleged October 9, 2002 incident.

The plaintiff contends that, based on (1) her conversation with the clerk with whom she spoke in the City Clerk's office and (2) her understanding of the above-referenced letter and petition form, she believed that, if she submitted the petition form upon receipt thereof, it would be returned as incomplete due to the fact that she had yet to conclude her medical treatment and was therefore unable to provide her complete medical bills and records. She alleges that she relied on what she characterizes as "the limited and incomplete information" provided to her by the city with respect to what was necessary in order to seek recov-ery from the city; she contends that the city should have advised her of the statutorily imposed requirement that written notice be given to the city within sixty days of the alleged injury.

On November 6, 2003, plaintiff filed a complaint in the Providence County Superior Court, alleging that the city had a duty to maintain the sidewalk at issue in a "reasonably safe and secure condition" and a "duty to warn those reasonably expected upon the property * * * of any unsafe or dangerous conditions." She further alleged that, as a proximate result of the city's negligent failure to fulfill its duties, she suffered injuries and damages.[3]

On June 14, 2004, the city filed a motion for summary judgment. On September 28, 2004, a hearing was held before a justice of the Superior Court with respect to that motion. After considering the written and oral submissions of the parties, the motion justice granted the city's motion for summary judgment. In ruling on the motion, the motion justice stated that it is "undisputed that the claim was not timely filed in writing, as required under the statute * * *." See § 45–15–9; § 45–15–10. As for plaintiff's argument in opposition to the motion for summary judgment to the effect that the doctrine of equitable estoppel was applicable and would allow her claim to proceed in spite of its untimeliness, the motion justice noted that the

---

**2.** The body of the letter from City Clerk Michael Clement reads as follows:

"Enclosed is a blank petition form to the City Council.

"If it is your intention to file a claim against the City of Providence for alleged injuries or damages, **please complete in detail and sign the enclosed.** If the petition is **not** completed in detail with a full description and signature, your claim will be returned to you. When completed please return to the Department of City Clerk for proper filing, together with copies of two estimates, any documents pertaining to said claim, including medical bills." (Emphasis in original.)

**3.** The plaintiff also included in her Superior Court complaint allegations against "John Doe Corporation," which she alleged "maintained [the] premises, or were [sic] otherwise legally responsible for conditions existing at on or about" the area where her injury occurred. The present appeal pertains only to plaintiff's allegations concerning the City of Providence and has no bearing on plaintiff's claim against "John Doe Corporation."

elements necessary to establish equitable estoppel were not present in this case. The motion justice found that the city had not made any affirmative representations and that there was no evidence of any "intentionally induced prejudicial reliance."

Thereafter, on February 3, 2005, the motion justice caused partial final judgment to be entered in favor of the city pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiff filed a timely notice of appeal.

## II

### Standard of Review

In reviewing the grant of a motion for summary judgment, "we conduct our review on a *de novo* basis; in doing so, we adhere to the same rules and criteria as did the [motion] justice." *Classic Entertainment & Sports, Inc. v. Pemberton*, 988 A.2d 847, 849 (R.I.2010); *see also Croce v. State, Office of Adjutant General*, 881 A.2d 75, 78 (R.I.2005). We will affirm the grant of summary judgment "only if, after reviewing the evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Tanner v. Town Council of East Greenwich*, 880 A.2d 784, 791 (R.I.2005); *see also People's Credit Union v. Berube*, 989 A.2d 91, 93 (R.I.2010); *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009); *O'Sullivan v. Rhode Island Hospital*, 874 A.2d 179, 182 (R.I.2005).

## III

### Analysis

Although plaintiff contends that the motion justice erred in granting defen-

dant's motion for summary judgment, in our *de novo* review we have encountered no error in the motion justice's analysis. In our judgment the city was entitled to summary judgment as a matter of law.

This Court has previously applied the straightforward statutory language applicable to this case, stating that, "pursuant to § 45–15–9, a person injured on a highway or bridge shall give notice to the [city or] town within sixty days of the injury in order to afford the [city or] town with an opportunity to make just and due satisfaction before the commencement of litigation." *Moseley v. Fitzgerald*, 773 A.2d 254, 258 (R.I.2001).[4] We have repeatedly stated that the notice requirement set forth in § 45–15–9 "must be strictly obeyed;" and we have further stated that "the notice requirement is a condition precedent to the plaintiff's right of action * * *." *Moseley*, 773 A.2d at 258 (internal quotation marks omitted); *see also Morales v. Napolitano*, 713 A.2d 193, 194 (R.I. 1998) (mem.); *Natareno v. Martin*, 694 A.2d 749, 750 (R.I.1997) (mem.). It is undisputed that plaintiff failed to provide notice to the city within the statutorily required sixty days; we therefore conclude that the motion justice's grant of summary judgment in favor of defendant was proper. *See Moseley*, 773 A.2d at 259 (stating that the "plaintiffs' failure to satisfy the statutory condition precedent of serving notice of the injury upon the city [was] fatal to their claim"); *Mercado v. City of Providence*, 770 A.2d 445, 447–48 (R.I. 2001) (stating that the plaintiff's failure to provide the city with notice within the sixty days pursuant to § 45–15–9 was "fatal to his claim," and therefore summary judgment against plaintiff was affirmed);

---

4. Although G.L. 1956 § 45–15–9 speaks of giving notice to "the town," this Court has consistently understood that term in this statute as referring to cities as well as towns. *See, e.g., Moseley v. Fitzgerald*, 773 A.2d 254, 258 (R.I.2001).

*Provost v. Finlay,* 768 A.2d 1256, 1258–59 (R.I.2001) (stating that the plaintiff's claim against the town was properly dismissed because the plaintiff failed to give notice in a timely manner).

The plaintiff further argues, however, that in spite of her failure to have given timely notice, she should be permitted to pursue her claim because the city should be equitably estopped from raising the statutory notice provision as a defense. She contends that the city, "by and through its duly authorized representative, affirmatively misled [her] as to the proper course of action necessary to properly file a claim with the [c]ity * * *." She further contends that neither the representative of the city (*i.e.,* the clerk in the City Clerk's office with whom plaintiff spoke) nor the documents provided to her informed her of "any time or other limitations" relative to filing a claim. She accordingly alleges that she relied on what she describes as "limited and incomplete information," and she asserts that she was misled into not filing a petition in a timely manner.

■ For there to be a successful invocation of the doctrine of equitable estoppel, this Court has stated that the following elements must be present:

"first, an affirmative representation or equivalent conduct on the part of the person against whom the estoppel is claimed which is directed to another for the purpose of inducing the other to act or fail to act in reliance thereon; and secondly, [proof] that such representation or conduct in fact did induce the

other to act or fail to act to his [or her] injury." *Providence Teachers Union v. Providence School Board,* 689 A.2d 388, 391–92 (R.I.1997) (quoting *Lichtenstein v. Parness,* 81 R.I. 135, 138, 99 A.2d 3, 5 (1953)).[5]

While we have given due consideration to the plaintiff's contentions concerning equitable estoppel, in the end we have found ourselves unable to conclude that the city, either through its representative or through the documents it sent to the plaintiff, made any "affirmative representation" or engaged in "equivalent conduct" that would justify a holding that the city was equitably estopped from denying the claim at issue. *See Providence Teachers Union,* 689 A.2d at 391–92. It is uncontested that there were *no* explicit instructions or directives made on behalf of the city as to the time within which the plaintiff would have to file a claim; it follows that there were no affirmative representations upon which the plaintiff could have detrimentally relied.[6] Therefore, in view of the facts of this case and this Court's settled precedent, we perceive no basis for applying the doctrine of equitable estoppel so as to allow the plaintiff to proceed with her time-barred claim against the city.

## IV

### Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's grant of

---

5. *See also Sturbridge Home Builders, Inc. v. Downing Seaport, Inc.,* 890 A.2d 58, 67 (R.I. 2005); *see generally Southex Exhibitions, Inc. v. Rhode Island Builders Association, Inc.,* 279 F.3d 94, 104 (1st Cir.2002) (applying Rhode Island law).

6. Although we decline to hold that a municipality has a *duty* in a situation such as the one

at bar, we by no means wish to dissuade municipalities from providing would-be claimants with information concerning the rigorous temporal requirements that are set forth in § 45–15–9. It should go without saying that government may on occasion, for the good of the citizenry, exceed what strict duty requires.

summary judgment. The record may be remanded to that tribunal.

Justice INDEGLIA took no part in the consideration or decision of this appeal.