[Civ. No. 27528. First Dist., Div. Three. Nov. 18, 1971.]

ALEX LEWIS et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO et al.,
Defendants and Respondents.

340

**COUNSEL**

Redland, Elder & Pinney, Dorsey Redland and Van H. Pinney for Plaintiffs and Appellants.

Thomas M. O'Connor, City Attorney, and Edmund A. Bacigalupi, Deputy City Attorney, Defendant and Respondent.

**OPINION**

**DRAPER, P. J.**—Plaintiffs, the surviving husband and daughter of Ethelena Lewis, seek damages for her wrongful death. Mrs. Lewis was injured in a municipal bus accident July 29, 1965. The complaint alleges that "within the time . . . prescribed by law," i.e., within 100 days of the injury (Gov. Code, §§ 905, 911.2), Mrs. Lewis filed with defendant city and county her claim for damages for her injuries. She died, allegedly as the result of those injuries, on May 9, 1968, some 33 months after her injury. No claim for damages for wrongful death was filed with the city and county, and it demurred to the complaint, which was filed May 8, 1969, upon this ground. The demurrer was sustained with leave to amend. No amendment was filed, and the action was dismissed as to the city. Plaintiffs appeal.

Appellants' principal argument is that the claims statute unconstitutionally denies equal protection of the law in that it requires a claim

against a public body, but not against a private corporation or an individual. The contention is without merit (*Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502, 504 [20 Cal.Rptr. 630, 370 P.2d 334]).

■ Appellants also argue that Mrs. Lewis' filing of her claim for damages for personal injuries put the city fully upon notice, and permitted prompt investigation. Thus, it is argued, the claims requirement was substantially met. But the rule of substantial compliance has been applied only when some claim, even though technically defective, is filed (*McGranahan* v. *Rio Vista etc. Sch. Dist.,* 224 Cal.App.2d 624, 629 [36 Cal.Rptr. 798]).

The filing of a wrongful death claim by one heir for herself alone, even though it similarly gives the public body full opportunity to investigate, does not excuse absence of a claim by another heir (*Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757, 766-767 [66 Cal.Rptr. 776]). Mere knowledge by the public body of the accident and of the proposed claim is not sufficient (*Redwood* v. *State of California,* 177 Cal.App.2d 501, 504 [2 Cal.Rptr. 174] and cases there cited).

An action for wrongful death is wholly distinct from an action by the decedent, in his lifetime, for the injuries which ultimately cause his death (*Marks* v. *Reissinger,* 35 Cal.App. 44, 50-55 [169 P. 243]). An important right of one class of plaintiffs has been built upon this distinction in the area of governmental immunity (*Garcia* v. *State of California,* 247 Cal.App. 2d 814 [56 Cal.Rptr. 80], hg. den.).

Although the above rebuttal arguments were advanced in respondents' brief, no reply to them is attempted in appellants' closing brief. We do not base our decision upon abandonment of the issue. Rather, we conclude that, under the authorities, Mrs. Lewis' claim for damages for personal injuries cannot be deemed substantial compliance by her heirs with the claims statute, so as to support this wrongful death action by them.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 13, 1972. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.