[No. B044104. Second Dist., Div. Five. Aug. 3, 1992.]

MAI CHI NGUYEN et al., Plaintiffs and Appellants, v.
LOS ANGELES COUNTY HARBOR/UCLA MEDICAL CENTER,
Defendant and Respondent.

[Opinion certified for partial publication.†]

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II(B), II(C) and II(D).

730

**COUNSEL**

David M. Harney and Thomas Kallay for Plaintiffs and Appellants.

Bonne, Jones, Bridges, Mueller, O'Keefe & Hunt, George E. Peterson, Greines, Martin, Stein & Richland, Kent L. Richland and Barbara W. Ravitz for Defendant and Respondent.

**OPINION**

**TURNER, P. J.—**

## I.  INTRODUCTION

Mai Chi Nguyen, Tranh Nguyen, and Tuyet Nguyen (plaintiffs) appeal from three prejudgment and postjudgment orders entered in this medical malpractice action. Tranh Nguyen and Tuyet Nguyen, the plaintiff parents, appeal from a nonsuit order as to their causes of action for negligent infliction of severe emotional distress. The trial court found the plaintiff parents had failed to comply with the Tort Claims Act. (Gov. Code, § 810 et seq.) Mai Chi Nguyen, the minor plaintiff, appeals from an order reducing the jury's damage award in her favor pursuant to Civil Code section 3333.2, a provision of the Medical Injury Compensation Reform Act of 1975 (MICRA). All three plaintiffs appeal from a purported postjudgment order determining the manner in which attorney fees were to be paid to plaintiffs' counsel. We find the order of nonsuit was properly entered and discuss that issue in the published portion of this opinion. Also, we affirm the order reducing the jury's damage award. In addition, we conclude no appealable order concerning the payment of attorney fees was entered.

## II.  DISCUSSION

### A.  *The Plaintiff Parents' Causes of Action for Negligent Infliction of Severe Emotional Distress Were Barred by Their Failure to File a Tort Claim With the County*

The minor plaintiff filed a tort claim against Los Angeles County Harbor/ UCLA Medical Center (the County) alleging she had sustained personal injuries as a result of negligent medical treatment at the County hospital. No tort claim was filed which named the plaintiff parents as claimants or

described any injury to them.[1] At the close of plaintiffs' case at trial, the County brought a nonsuit motion as to the plaintiff parents' causes of action for negligent infliction of severe emotional distress on the ground, among others, that the plaintiff parents had not filed a tort claim with the County. The court granted the County's motion for nonsuit as to the plaintiff parents for failure to file a tort claim.

The plaintiff parents contend it was error to grant the County's nonsuit motion because the tort claim filed by their daughter was in substantial compliance with the claims statute as to their causes of action. We disagree. The presentation of a claim to a public entity and its rejection are prerequisites to maintaining suit against the entity. (Gov. Code, §§ 905, 945.4.) Failure to comply with the mandatory requirements is fatal to the cause of action. (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) The purpose of the claim requirements is to provide a public entity with sufficient information to enable it to investigate and evaluate the merits of claims, assess liability, and, where appropriate, to settle claims without the expense of litigation. (*Id.* at p. 455.) It has been held that, when the underlying purposes of the claims statutes have been satisfied, the courts should employ a substantial compliance test to determine whether the plaintiff has met the filing requirements. (*Johnson* v. *San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 697 [266 Cal.Rptr. 187].) The doctrine of substantial compliance prevents the public entity from using the claims statutes as "traps for the unwary" when their underlying purposes have been

---

[1]The claim submitted by the minor plaintiff through her parents acting as the guardians ad litem was as follows: "Comes now MAI CHI NGUYEN, through her Guardian ad Litem, her parents, Mr. and Mrs. Tranh Nguyen, and submits the following claim against the Los Angeles County Harbor General Hospital/U.C.L.A. Medical Center, as follows: [¶] CLAIMANT: MAI CHI NGUYEN [¶] Date of Birth: 2/7/84 [¶] Address: 4029 West Rosecrans, Apartment 9, Hawthorne, California 90250 [¶] ATTORNEYS OF RECORD: Law Offices of David M. Harney, 650 South Grand Avenue, Suite 1200[,] Los Angeles, California 90017; Telephone: (213) 626-8761 [¶] DATE OF OCCURRENCE: On or about October 16, 1984 [¶] NATURE OF INJURY: This is a personal injury claim brought on behalf of MAI CHI NGUYEN who was a patient at Harbor General Hospital/U.C.L.A. Medical Center, on or about October 16, 1984. At that time MAI CHI NGUYEN was a patient undergoing manipulation of a hip under general anesthesia, at which time negligent care and treatment was administered, resulting in a cardiac, respiratory arrest, or some other cause that resulted in anoxia, and the child as a result thereof sustained brain damage. The treating physicians, including Ralph Lachman, M.D., Dr. Stroberg, and Pat Rowe, M.D., and Los Angeles County Harbor General Hospital/U.C.L.A. Medical Center were negligent in the care and treatment which proximately resulted in the child's brain damage. The child's other treating physician's [*sic*] included Marna L. Timmer, M.D., Hendrik Leesment, M.D. and Samar Sircar, M.D. The nature and extent of the damages and injuries to MAI CHI NGUYEN are presently being ascertained, as are the exact circumstances resulting in her anoxia and neurological damage. [¶] AMOUNT OF CLAIM: $15,000,000.00."

met. (*Ibid.*) However, the substantial compliance doctrine has application only when there is a defect in form but the statutory requirements have otherwise been met. (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d at pp. 456-457; *Hall* v. *City of Los Angeles* (1941) 19 Cal.2d 198, 202 [120 P.2d 13].) The doctrine has no application when, as here, there has been a failure to comply with *all* of the statutory tort claim requirements. (*Hall* v. *City of Los Angeles, supra,* 19 Cal.2d at p. 202 [complete failure to comply with one of the mandates of the tort claim statutes]; *Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1082-1083 [195 Cal.Rptr. 576] [total omission of an essential element of a tort claim].) Accordingly, the trial court properly ruled that the plaintiff parents had not substantially complied with the requirement they file a tort claim with the County.

Plaintiff parents argue their claim was derivative of their daughter's claim and therefore they were entitled to rely upon the tort claim filed by their daughter. Plaintiff parents cite two inapposite cases involving intervening insurers—*Smith* v. *Parks Manor* (1987) 197 Cal.App.3d 872, 881-882 [243 Cal.Rptr. 256], and *San Diego Unified Port Dist.* v. *Superior Court* (1988) 197 Cal.App.3d 843, 846-847 [243 Cal.Rptr. 163]. In *Smith,* it was held that an intervening insurer and subrogee of the insured defendants and cross-complainants was not required to file a separate and redundant tort claim but could rely instead on the claim filed by the insured. (*Smith* v. *Parks Manor, supra,* 197 Cal.App.3d at p. 878.) The court in *Smith* reasoned: "[A] subrogee's right of action is *not* independent and separate, but is equal to and limited by the right of action possessed by its insured; the subrogee simply stands in the stead of the original claimant and is subject to all defenses which could have been asserted against that party. [Citation.] In those circumstances, requiring the filing of a separate claim would be redundant and superfluous; the requirements of the claims statutes already had been satisfied. [Citation.]" (*Id.* at p. 881.) Similarly, in *San Diego United Port Dist.* v. *Superior Court, supra,* 197 Cal.App.3d at page 845, the court held a claim filed by a personal injury plaintiff satisfied the tort claim requirements as to the plaintiff's employer's workers' compensation insurance carrier which intervened in the action. The court found "no reason" to require "what would be in effect a duplicate written claim against the public entity." (*Id.* at p. 852.) The present case, however, did not involve an intervening insurer.

In numerous cases, appellate courts have held that when, as here, an injured party timely files a claim with a government entity and another party also injured by the same transaction seeks to pursue a suit against the government entity without filing a separate claim, the second injured party may not rely on the claim filed by the original claimant if the injury suffered

by the second injured party was separate and distinct. (*Pacific Tel. & Tel. Co. v. County of Riverside* (1980) 106 Cal.App.3d 183, 190-192 [165 Cal.Rptr. 29] and *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844, 847-848 [114 Cal.Rptr. 518] [widow asserting wrongful death claim could not rely on tort claim filed by decedent's employer or its workers' compensation insurance carrier]; *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66, 81-83 [128 Cal.Rptr. 454] [plaintiffs husband and wife could not assert loss of consortium causes of action in reliance on each other's tort claim asserting personal injury]; *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 696-697 [108 Cal.Rptr. 392] [multiple plaintiffs in inverse condemnation suit improperly brought as class action could not rely on tort claim filed by one plaintiff]; *Lewis* v. *City and County of San Francisco* (1971) 21 Cal.App.3d 339, 341 [98 Cal.Rptr. 407] [wrongful death plaintiffs could not rely on tort claim filed by decedent, in her lifetime, for personal injuries]; *Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 765-766 [66 Cal.Rptr. 776] [in a wrongful death action, daughter could not rely on tort claim filed by mother].) ▮ As the court explained in *Pacific Tel. & Tel. Co.* v. *County of Riverside, supra,* 106 Cal.App.3d at page 191: " 'It is not the purpose of the claims statutes to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.] ▮ It is well-settled that claims statutes must be satisfied even in [the] face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel. [Citations.]' [Citation.]" When the possible liability reflected in a tort claim filed by one party is " 'different in kind and nature' " from the possible liability to a second injured party, the second injured party may not rely on the tort claim filed by the first party. (*Ibid.,* italics omitted, citing *Roberts* v. *State of California, supra,* 39 Cal.App.3d at p. 848.)

We find no basis on which to distinguish the present case from the cases cited in the preceding paragraph. The plaintiff parents' causes of action for negligent infliction of severe emotional distress arose out of the same transaction as their daughter's medical malpractice claim. However, the injuries allegedly suffered by the plaintiff parents were separate and distinct from those suffered by their daughter. The plaintiff parents' claims were for emotional injuries as witnesses to their daughter's injuries and for emotional injuries and economic damages as direct victims of the County's negligence. The alleged emotional injuries and economic damages were personal to the plaintiff parents. Therefore, the plaintiff parents could not rely on their daughter's tort claim.

B.-D.*

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## III.  DISPOSITION

The order of nonsuit as to plaintiffs Tranh Nguyen and Tuyet Nguyen is affirmed. The order reducing the jury verdict in favor of plaintiff Mai Chi Nguyen pursuant to Civil Code section 3333.2 is affirmed. There is no appealable order before this court concerning the payment of attorney fees and the purported appeal from the minute order is dismissed. Defendant Los Angeles County Harbor/UCLA Medical Center is to recover its costs on appeal jointly and severally from plaintiffs Tranh Nguyen and Tuyet Nguyen only. Plaintiff Mai Chi Nguyen shall neither pay nor recover any costs on appeal.

Ashby, J., and Boren, J., concurred.

A petition for a rehearing was denied August 31, 1992, and appellants' petition for review by the Supreme Court was denied October 21, 1992.

---

*See footnote, *ante*, page 729.