**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANLEY BRADFORD CLARKE, | No. 08-15751 |
| Plaintiff - Appellant, | D.C. No. 1:07-CV-01806-LJO-DLB |
| v. | |
| CITY OF MADERA; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 16, 2010 [**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Stanley Bradford Clarke appeals pro se from the district court's judgment

dismissing his action alleging claims under 42 U.S.C. § 1983 and state law. He

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JS/Research

also appeals from the order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and a dismissal on qualified immunity grounds. *Kwai Fun Wong v. United States*, 373 F.3d 952, 966 n.18 (9th Cir. 2004). We review for an abuse of discretion an order denying reconsideration. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court properly dismissed the federal claims against the City of Madera because Clarke failed to allege constitutional deprivations resulting from any official custom or policy. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The district court properly dismissed the federal claims against the remaining defendants on qualified immunity grounds because, regardless of the constitutionality of their actions, defendants did not violate any of Clarke's clearly established rights. *See Pearson v. Callahan*, 129 S. Ct. 808, 815, 818 (2009) (explaining that government officials are entitled to qualified immunity if their conduct does not violate a clearly established federal statutory or constitutional right, and holding that courts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the case).

The district court properly dismissed the state law claims because Clarke's government tort claim did not include facts concerning the basis for his claim and thus failed to substantially comply with the California Tort Claims Act. *See Nguyen v. L.A. County Harbor/UCLA Med. Ctr.*, 10 Cal. Rptr. 2d 709, 712 (Cal. Ct. App. 1992) (explaining that the purpose of the Act is to provide the public entity with sufficient information to allow it to investigate and evaluate the claim to determine whether to settle the claim without the cost of litigation).

The district court did not abuse its discretion by denying leave to amend because Clarke had amended the complaint three times and pointed to no additional facts that could cure the deficiencies. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (internal quotation marks and citation omitted)).

The district court did not abuse its discretion by denying Clarke's motion for reconsideration. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 ("[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence'").

Clarke forfeited his right to challenge the timeliness of defendants' removal of this action by failing to object in the district court. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam).

Clarke's remaining contentions are unpersuasive.

**AFFIRMED.**