Filed 3/8/23  Ramirez v. City of San Jose CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SANDRA LINARES RAMIREZ et al., | H048019 (Santa Clara County Super. Ct. No. 16CV297131) |
| Plaintiffs and Appellants, | |
| v. | |
| CITY OF SAN JOSE, | |
| Defendant and Respondent. | |

Appellants Sandra Linares Ramirez[1] and Camila Alvarez, by and through her guardian ad litem Sandra Linares Ramirez (together, appellants), appeal from the judgment entered after the trial court granted summary judgment in favor of respondent the City of San Jose (City).[2]  After Aldo Juan Alvarez (the decedent) was killed in a light

---

[1] We note that the notice of appeal filed shows appellant's name as Sandra Linares Ramires, but the complaint filed in the trial court shows appellant's name as Sandra Linares Ramirez.  We will use Ramirez in this opinion consistent with the record on appeal.

[2] The trial court also granted summary judgment in favor of defendants Santa Clara Valley Transportation Authority and its employee William Welch (together, SCVTA).  The court's ruling on SCVTA's motion is not before us in the instant appeal and is the subject of a separate appeal (see case No. H049181.)  That matter was transferred to the First Appellate District for disposition in August 2022 and remains pending (see *Garcia v. Santa Clara Valley Transportation Authority* (A165839, app. pending).)  Appellants also initiated two further appeals, which we dismissed as filed in error and for failure to timely procure the record on appeal, respectively.  (See case Nos. H049371 and H049372).

rail train collision, appellants filed a government claim with the City pursuant to the Government Claims Act (the Act). The claim named only the decedent and his passenger, plaintiff Lauro Garcia,[3] and did not identify appellants. Thereafter, appellants filed suit against the City for negligence and wrongful death. The City filed a motion for summary judgment arguing that appellants had failed to comply with the Act because they had not filed a claim on their own behalf. On appeal, appellants contend that the trial court erred in granting summary judgment because they substantially complied with the Act and the failure to be named in the decedent's claim was merely a clerical error. We conclude that appellants did not substantially comply with the Act by virtue of the claim presented on behalf of the decedent and affirm the judgment in favor of the City.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 20, 2015, the decedent was driving a vehicle with Garcia as his sole passenger. The decedent made a left turn across a set of light rail tracks in San Jose and was struck and killed by a light rail train. Garcia sustained several injuries as a result of the collision. Sandra Linares Ramirez is the decedent's surviving spouse and Camila Alvarez is his only child.

Appellants retained counsel, who presented separate claims to the City and SCVTA on behalf of Garcia and the decedent. The claim presented to the City on behalf of the decedent named the decedent as claimant, described the circumstances of the injury as "inadequate signal lights, signal warning at crossing of street by light rail train. Train collided with claimant & killed claimant," and described the loss as simply "fatality." The amount claimed was $2,500,000, for which the stated basis was, again, "fatality." The claim named Garcia as the sole "other injured person." Appellants did not file any additional or separate claims and neither Garcia's nor the decedent's claims named them as claimants, described any injury to them, or claimed any sums on their behalf.

---

[3] A plaintiff in the underlying proceeding, Garcia is not a party to this appeal.

In June 2016, appellants and Garcia filed a complaint for damages, asserting claims of negligence, wrongful death, and negligent entrustment against defendants. The complaint did not allege compliance with the Government Claims Act as required by Government Code section 810, et seq.[4] SCVTA and the City filed their respective answers denying the allegations in the complaint.

In March 2019, SCVTA and the City both filed motions for summary judgment, or in the alternative, summary adjudication of plaintiffs' claims. The City argued, in relevant part, that appellants failed to file tort claims as required by the Act and were barred from maintaining the suit. Specifically, the City asserted that each heir in a wrongful death action must present a claim. While the decedent had filed a claim, that claim neither identified his heirs, Ramirez and Alvarez, nor claimed any sum on their behalf, nor was implicitly made on their behalf. The City argued that appellants were required to file their own claims prior to filing suit, had failed to do so, and were now time-barred from curing the defect and presenting individual claims. Appellants opposed the City's motion, asserting that triable issues of fact existed as to whether the Government claim submitted on behalf of the decedent was sufficient to inure to the benefit of his widow and child.

In August 2019, the trial court granted summary judgment to all defendants on all claims asserted by Ramirez and Alvarez; granted summary adjudication to SCVTA and the City on Garcia's cause of action for negligent entrustment; and treated the City's and SCVTA's motions as motions for judgment on the pleadings as to Garcia's cause of action for negligence and granted the motion with leave to amend the complaint. In granting summary judgment, the trial court found that Ramirez and Alvarez did not present claims to the City and that the claim submitted on the decedent's behalf did not provide sufficient notice of claims by any other individuals. The court held that Ramirez

_____

[4] Undesignated statutory references are to the Government Code unless otherwise indicated.

3

and Alvarez had failed to comply with the claims presentation requirements of the Act and their claims were therefore barred as a matter of law. On January 3, 2020, judgment was entered for the City against Ramirez and Alvarez on all claims and against Garcia on his negligent entrustment claim. Appellants timely appealed from the judgment.

## II. DISCUSSION

Appellants contend the trial court abused its discretion when it granted summary judgment in favor of the City based on appellants' failure to comply with the claim presentation requirements of the Act. Appellants argue that they substantially complied with the Act's claim presentation requirements prior to filing suit, asserting that although the tort claim named decedent, rather than themselves, as claimant, it should nevertheless be understood as having been filed on behalf of appellants. They argue that the claim provided the City actual notice of the decedent's death, that extending the decedent's claim to his heirs is consistent with the policy concerns of the Act, and that it would be a miscarriage of justice to permit the City to benefit from what appellants describe as "essentially a clerical error." Finally, appellants assert that extending the decedent's claim to his heirs would not prejudice the City because the City can face only one wrongful death action regardless of the number of heirs.

The City counters that appellants failed to file their own claims under the Act and cannot rely upon the claim filed on behalf of the decedent to cure the defect. The City further argues that the deadline to present a claim has passed, such that appellants are now time-barred from presenting claims. The City asserts that appellants' causes of action are barred regardless of the single joint cause of action available for a wrongful death claim.

### A. Standard of Review

A party seeking summary judgment must demonstrate that "there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant meets their burden of

4

showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) "On appeal, we review the record and the determination of the trial court de novo, viewing the evidence in the light most favorable to plaintiffs as the losing parties. [Citation.]" (*Brown v. El Dorado Union High School Dist.* (2022) 76 Cal.App.5th 1003, 1022.)

## B. The Government Claims Act

As a general rule, the Act requires a plaintiff to present a public entity with a timely written claim for damages before filing suit against it. The claim must include a "general description" of the alleged injury "so far as it may be known at the time of presentation of the claim." (§§ 905, 911.2, 945.4.) Critical to the matter before us, the claim must include the name of the claimant and must be presented and signed by the claimant or a person acting on his behalf. (§§ 910, 910.2.) The failure to file such a claim is "fatal to [a] cause of action." (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454.)

Because much of appellants' briefing focuses on the purpose of the Act and the apparent inequity created by its application in this case, we briefly summarize the purpose behind the Act and its claim presentation requirements. " 'The intent of the Tort Claims Act is not to expand the rights of plaintiffs against governmental entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances. . . . The act creates a bond between the administrative claim and the judicial complaint. Each theory of recovery against the public entity must have been reflected in a timely claim. . . .' [Citation.] The aim of the tort claim statutes is to provide sufficient information to enable the public entity to investigate claims and settle, if appropriate, without the expense of litigation, and to take the potential claim into account in fiscal planning." (*Castaneda v. Department of Corrections and Rehabilitation* (2013) 212 Cal.App.4th 1051, 1060 (*Castaneda*).) " 'It is not the purpose of the claims

5

statutes to prevent surprise. . . . It is well-settled that claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim.' " (*Pacific Tel. & Tel. Co. v. County of Riverside* (1980) 106 Cal.App.3d 183, 191.)

**C. Appellants Did Not Comply with the Act's Claim Presentation Requirements**

Appellants never filed tort claims on their own behalf and they were not named as claimants in the decedent's tort claim filed with the City. They argue that because their counsel filed a claim on behalf of the decedent, thereby putting the City on notice, appellants were in substantial compliance with the Act's claim presentation requirements. We are compelled to reject the argument based on long-standing statutory and case authority.

"Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.) "The test for substantial compliance is whether the face of the filed claim discloses sufficient information to enable the public entity to make an adequate investigation of the claim's merits and settle it without the expense of litigation." (*Id.*)

"However, the substantial compliance doctrine has application only when there is a defect in form but the statutory requirements have otherwise been met. [Citations.] The doctrine has no application when, as here, there has been a failure to comply with *all* of the statutory tort claim requirements." (*Nguyen* v. *Los Angeles County Harbor/UCLA Medical Center* (1992) 8 Cal.App.4th 729, 733 (*Nguyen*).) The insurmountable challenge appellants face is that they are neither named as claimants in the decedent's claim, nor did they file their own claims. Because the Act requires (1) presentation of a claim that (2) includes the claimant's name, they did not comply with all of the Act's requirements.

6

(See § 910 [claim presented must include claimant's name]; *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 797 (*Nelson*) ["the statutory requirements have not been met by a person who has not filed a claim."].)  Having failed to comply with the threshold requirement of filing or being named in a claim at all, appellants cannot demonstrate that their claim is substantially compliant.  (See *Hall v. City of Los Angeles* (1941) 19 Cal.2d 198, 202 ["Substantial compliance cannot be predicated upon no compliance"]; *Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1082-1083 [doctrine cannot cure a total omission of an essential element from a claim].)

Nor do we read the substantial compliance doctrine as permitting appellants to step into the decedent's shoes for the purpose of determining their compliance with the Act.  "Generally, each claimant must file his or her own tort claim.  When people suffer separate and distinct injuries from the same act or omission, they must each submit a claim.  One claimant cannot rely on a claim presented by another.  [Citation.]" (*Castaneda*, *supra*, 212 Cal.App.4th at p. 1062; see also *Nguyen*, *supra*, 8 Cal.App.4th at pp. 732-734 [claim filed for injured child does not permit parents to sue for negligent infliction of emotional distress].)  Numerous cases have applied this rule to require different claimants asserting survival and wrongful death theories arising from the same transaction to file their own claims.  (See *Nelson*, *supra*, 113 Cal.App.4th at pp. 796-797 [separate tort claims required for survival cause of action by injured decedent and wrongful death claim by mother]; *Lewis v. City and County of San Francisco* (1971) 21 Cal.App.3d 339, 341 [wrongful death plaintiff could not rely on decedent's pre-death tort claim for her personal injuries]; *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 768 (*Petersen*) [claim for wrongful death filed by the spouse of a decedent did not excuse the decedent's children from filing their own claims for wrongful death].)

We discern no basis in this case to depart from the well-settled rule that one claimant may not rely on a claim filed by another where their injuries are separate and

distinct.  The decedent's claim in this matter was circumspect in its description of the claimed injury and devoid of any reference to his heirs, much less any injuries suffered by them or sums claimed on their behalf.  While the decedent's claim placed the City on notice of the collision and his death, it was insufficient to serve as a claim filed by or on behalf of appellants.  On its face, the decedent's claim presents a survival claim (i.e., an action for his personal injuries while alive), rather than a wrongful death claim.  (See *Castaneda*, *supra*, 212 Cal.App.4th at p. 1063.)  Appellants' claims were for the wrongful death of decedent and negligence.  While those causes of action arose out of the same transaction as any claims that the decedent might have brought, appellants' alleged injuries were separate and distinct.  (See *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264 ["Unlike a cause of action for wrongful death, a survivor cause of action . . . is instead a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event."].)  Accordingly, appellants could not use the decedent's tort claim describing his injury as a substitute for their own wrongful death claim.

Extending the decedent's claim to his heirs, as appellants seek, would be inconsistent with the Act's purpose of encouraging investigation and settlement.  The City is entitled to know which claimants are asserting claims.  Without a claim naming the heirs or any injured party other than the decedent and Garcia, the City was not placed on notice to fully investigate and evaluate its potential liability, including for example, investigating particular defenses it could assert against particular heirs.  (See *Nelson*, *supra*, 113 Cal.App.4th at pp. 793-795 [discussing damages available in a wrongful death action].)  It is against this backdrop that we conclude that appellants were required, and neglected, to file tort claims with the City prior to filing suit.  Because appellants did not themselves comply with the Act, they cannot state a cause of action.

Finally, appellants argue that the City would not be prejudiced by permitting their suit to proceed because the City faces only one wrongful death action regardless of the

8

number of heirs. California's "one action" rule for wrongful death claims provides that only one cause of action may be brought for an individual's wrongful death and that all persons entitled to sue must be joined in order to recover. (*Adams v. Superior Court* (2011) 196 Cal.App.4th 71, 76-77.) "A tortfeasor waives the protection of the one action rule by settling with less than all the known heirs if such heirs are not a party to the action." (*Romero v. Pacific Gas & Electric Co.* (2007) 156 Cal.App.4th 211, 214.) Although there can be only one action for wrongful death, "each heir has a personal and separate cause of action" for wrongful death. (*Ruttenberg v. Ruttenberg* (2003) 53 Cal.App.4th 801, 807-808.) Further, "a bar against recovery by one heir . . . does not preclude recovery by others." (*Cross v. Pacific Gas & Electric Co.* (1964) 60 Cal.2d 690, 693.) Requiring each claimant to present a claim, such that a public entity is necessarily informed of all potential heirs' claims, is therefore consistent with the one action rule and its joinder of claims. Moreover, the factually similar case, *Petersen*, expressly rejected the idea that the one action rule overrides the Act's claim presentation requirements, observing that "each heir should be regarded as having a personal and separate cause of action." (*Petersen*, *supra*, 259 Cal.App.2d at pp. 766-767.)

We cannot find a basis on which to distinguish this case from any of the above-cited authorities which hold that an injured party is prohibited from relying on a claim filed by another party where the injury suffered by each party is separate and distinct. As in those cases, appellants' causes of action arose out of the same incident as decedent's claim. However, each of their injuries was separate and distinct from those suffered by the decedent. Because neither appellant filed a claim, and because there is nothing in the decedent's claim to suggest it was filed on behalf of his heirs, with no mention of any damages incurred by any heirs, the trial court properly resolved the wrongful death claims against appellants.

We acknowledge that summary judgment for the City on each of appellants' claims is a harsh consequence for what the appellants describe as a "clerical error." Yet

the purpose of presenting a claim is not merely to notify a public entity that an event occurred, but to permit the entity to investigate and evaluate its potential liability. The claims presented to the City in this case did not permit such investigation and evaluation. Absent compliance with the claim presentation requirements, appellants' claims against the City may not proceed.

### III. DISPOSITION

The January 3, 2020, judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Danner, J.


Ramirez, et al. v. City of San Jose
H048019