Filed 5/13/26  Janecek v. Dept. of Transportation CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

|  |  |
|---|---|
| ANDREA JANECEK et al.,<br>     Plaintiffs and Appellants,<br><br>          v.<br><br>DEPARTMENT OF TRANSPORTATION,<br>     Defendant and Respondent. | C103155<br><br>(Super. Ct. No. CU0000634) |

Andrea Janecek and Richard Knolle (appellants), surviving children of Judith Knolle (Knolle), appeal from the judgment entered after the trial court granted summary judgment in favor of the California Department of Transportation (CalTrans) as to appellants' individual claims.  The trial court found the government claim filed by Knolle's estate was insufficient to support appellants' individual claims.

Appellants contend:  (1) the government claim filed by Knolle's estate was sufficient to preserve their individual claims because it seeks damages for loss of Knolle's companionship and support; (2) CalTrans waived its defense as to the sufficiency of their individual claims because it failed to notify them of any alleged defects in the estate's government claim; and (3) the trial court violated their due process rights by granting the summary judgment motion on grounds not stated in the moving

1

papers.

We agree with appellants' first contention so we need not address the remainder. The judgment is reversed. Statutory references are to the Government Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2022, Knolle died instantly when a tree fell on her car as she drove on a highway. Knolle's estate filed a government claim form with the Department of General Services (the claim form). The claim form lists the estate as the sole claimant, describes the circumstances leading to the injury as "[a] large conifer tree fe[l]l from the side of the road and struck the decedent's Nissan Rogue," alleges the State of California "has a duty to ensure that trees on their highway land do not constitute a danger to those using the highway," and seeks $5 million in "[b]urial and funeral expenses; pain and suffering; compensation for the loss of [Knolle's] companionship and support" against the State of California and Nevada County. The claim form includes contact information for Janecek and counsel for Knolle's estate.

In 2023, appellants sued CalTrans and others, individually and as successors-in-interest of Knolle's estate, for wrongful death, negligence, dangerous condition on public property, vicarious responsibility, and loss of design immunity.

In 2024, CalTrans moved for summary judgment against appellants' individual claims, arguing appellants failed to file individual government tort claims and the doctrine of substantial compliance does not apply where the claimant is not identified. The trial court granted the motion and entered judgment in favor of CalTrans as to appellants' individual claims.

Appellants timely appeal.

## DISCUSSION

Appellants contend their individual claims substantially complied with the requirements in section 910 because the claim form seeks compensation for the loss of companionship. We agree.

3

Under the Government Claims Act (§ 900 et esq.), "no suit for 'money or damages' may be brought against a public entity until a written claim has been presented to the entity and the claim either has been acted upon or is deemed to have been rejected." (*Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1493.) The written claim must include: (1) the name and address of the claimant; (2) the address where notices may be sent; (3) the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted; (4) a description of the indebtedness, obligation, injury, damage, or loss incurred, as known at the time of presentation of the claim; (5) the names of the public employees causing the injury, damage, or loss, if known; and (6) the claim amount or an indication of whether the claim would be a limited civil case. (§ 910.)

The purpose of the Government Claims Act is to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455.) "Consequently, a claim need not contain the detail and specificity required of a pleading[] but need only 'fairly describe what [the] entity is alleged to have done.' [Citations.] As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions [citation], the claims statute 'should not be applied to snare the unwary where its purpose has been satisfied.' " (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446.)

As such, a claim need not be technically perfect; it needs to only substantially comply with all the statutory requirements. (*Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1234.) Under the substantial compliance test, a claim "should be viewed in its entirety and a determination made as to whether the claim is susceptible to an interpretation that reasonably enables the public entity to make an adequate

4

investigation and settle the claim." (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 40.) But the substantial compliance test does not apply when there has been a failure to comply with all the statutory requirements. (*Nguyen v. Los Angeles County Harbor/UCLA Medical Center* (1992) 8 Cal.App.4th 729, 733.)

We review an order granting a motion for summary judgment de novo. (*Ryan v. Real Estate of Pacific, Inc.* (2019) 32 Cal.App.5th 637, 642.) In ruling on a summary judgment motion, a court must consider all the evidence and all the inferences reasonably drawn from the evidence and must view such evidence in the light most favorable to the opposing party. (*Id.* at p. 643.)

Here, appellants' individual claims substantially complied with the requirements in section 910. The claim form seeks damages for "compensation for the loss of [Knolle's] companionship and support," among other things. This compensation is provided for in the wrongful death statute, which creates a cause of action for a decedent's heirs that is separate from a survival claim belonging to the decedent. (*Ng v. Superior Court* (2025) 108 Cal.App.5th 382, 388; *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1264 [a survival claim "belonged to the decedent before death but, by statute, survives that event"].) Technically, appellants need to file separate government claims for this distinct injury. (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796 (*Nelson*).) But viewed in its entirety, the claim form is susceptible to the interpretation that it presents a combined claim by Knolle's estate and appellants for damages stemming from Knolle's death, because it seeks damages that could only be recovered by appellants in a wrongful death action that is commonly asserted alongside a decedent's survival claim. (See *Connelly v. County of Fresno, supra*, 146 Cal.App.4th at pp. 40-41 [a claim that sought recovery of medical expenses but asserted only property damage to the plaintiff's truck was sufficient to support the plaintiff's personal injury action because an automobile accident would be expected to

involve both property damage and personal injuries]; *Kelso v. Board of Education* (1941) 42 Cal.App.2d 415, 421 [a claim that failed to designate the child as the claimant but described the child's injuries and sought damage for his loss of an eye was sufficient to support the child's action].)  The claim form also gave CalTrans adequate information to investigate, as it provided the contact information for Janecek and counsel for Knolle's estate, either of whom could have informed CalTrans of the identities of Knolle's heirs and their claims.  " '[W]e are mindful that "[s]o long as the policies of the claims statutes are effectuated, [the statutes] should be given a liberal construction to permit full adjudication on the merits." ' " (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority, supra*, 34 Cal.4th at p. 449.)  Because the purpose of section 910 has been satisfied here, we decline to apply the statute " 'to snare the unwary.' " (*Stockett*, at p. 446.)

CalTrans's reliance on *Nelson* is misplaced.  There, the court concluded a government tort claim filed by a decedent's mother was insufficient to support an action by the decedent's estate because the claim listed the mother as the only claimant and "the damages described in the claim were for 'the loss of a son' (with no mention of any damage incurred by [the decedent] before his death)." (*Nelson, supra*, 113 Cal.App.4th at p. 796.)  Specifically, the claim "did not identify any damages recoverable by the estate (e.g., predeath medical expenses or other expenses suffered by [the decedent] before his death)." (*Id.* at p. 797, fn. 10.)  In contrast here, the claim form identified damages that are only recoverable by appellants.

Other cases cited by CalTrans are similarly distinguishable as they also involved government claims that completely failed to identify the injuries suffered or the damage sought by the unnamed claimant. (*Nguyen v. Los Angeles County Harbor/UCLA Medical Center, supra*, 8 Cal.App.4th at pp. 731-732 ["no tort claim was filed which named the plaintiff parents as claimants or described any injury to them"]; *Dilts v. Cantua*

6

*Elementary School Dist.* (1987) 189 Cal.App.3d 27, 37 [a series of letters from an employee to the school district failed the substantial compliance test because they did not describe the circumstances of employment or identify which district act constituted a breach of contract]; *Lewis v. City and County of San Francisco* (1971) 21 Cal.App.3d 339, 340 ["no claim for damages for wrongful death was filed"]; *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 766 ["it is not alleged or claimed that the daughter was named as a claimant, or that any sum was claimed on her behalf"].)

At oral argument, CalTrans contends the loss of companionship claim was mere surplusage, as claimants tend to be overinclusive of their damage. But it fails to explain why an agency reviewing government tort claims may choose to investigate certain damage claims while disregarding others on the same claim form as surplusage.

Having reached this conclusion, we need not address appellants' remaining contentions that (1) CalTrans waived any defense as to the sufficiency of the claim form because it failed to notify them of the alleged defects; and (2) the trial court violated their due process rights by granting the summary judgment on grounds not stated in the moving papers.

## DISPOSITION

The judgment is reversed, and the matter is remanded with directions to the trial court to (1) vacate its order granting summary judgment and (2) enter a new order

7

denying the summary judgment motion. Appellants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


 

                                                  MESIWALA, J.

I concur:


 

ROBIE, Acting P. J.

8

Krause, J., Dissenting

A cornerstone of the Government Claims Act, Government Code section 810 et seq.,[1] is the requirement that every person seeking damages against a public entity must first file an administrative claim that identifies *them* as the claimant. My colleagues relieve appellants Andrea Janecek and Richard Knolle (appellants) of this statutory obligation. (Maj. opn. *ante*, at pp. 6-7.) Because the doctrine of substantial compliance does not apply where someone has not filed a claim, and there is no duty to investigate potential survivor claims obliquely raised in an estate's claim form, I would affirm the judgment in favor of the California Department of Transportation (CalTrans). I therefore dissent.

BACKGROUND

Judith Knolle died tragically in 2022 when a tree fell on her car on a public highway. An attorney retained by Knolle's estate timely filed a written claim with the Department of General Services (the claim form). The Estate of Judith Knolle is the only claimant listed on the claim form, which describes the estate's "specific damage or injury" thusly: "Decedent, Judith Knolle, was travelling northbound on Highway 49 when a large [conifer] tree fell across the highway and struck decedent's vehicle thereby killing her instantly." When asked to explain the basis for liability, the claim form says the state "has a duty to ensure that trees on their highway land do not constitute a danger to those using the highway." As the estate's explanation for the dollar amount of its damage claim, it states: "Burial and funeral expenses; pain and suffering; compensation for the loss of the deceased's [companionship] and support."

The claim form includes contact information for counsel for Knolle's estate and an email address for appellant Janecek, although no explanation of her identity or relationship, if any, to the decedent is given.

---

[1]     Undesignated section references are to the Government Code.

1

Appellants concede the estate's claim form did not contain their names (or the names of any survivors), but assert that their individual claims substantially complied with section 910 because the form lists loss of companionship and support among the explanations for the amount of the estate's damage claim. They reason that, because such damages can be recovered only by survivors, and not the estate itself, it is "impossible to read the claim form as presenting solely a claim on behalf of the Estate of the decedent."

Under the Government Claims Act, "no suit for 'money or damages' may be brought against a public entity until a written claim has been presented to the entity and the claim either has been acted upon or is deemed to have been rejected." (*Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1493.) Section 910 sets forth the information that a valid claim must include, the first being the "name and post office address *of the claimant*." (§ 910, subd. (a), italics added.)

Although the substantial compliance doctrine may be applied to cure minor defects in form, it is inapplicable where all the statutory requirements are not met, as my colleagues acknowledge. (Maj. opn. *ante*, at p. 4, citing *Nguyen v. Los Angeles County Harbor/UCLA Medical Center* (1992) 8 Cal.App.4th 729, 733 [(*Nguyen*)].) Yet the majority inexplicably overlooks the fact that appellants failed to file their own government claim forms and holds that their "individual claims substantially complied with the requirements in section 910." (Maj. opn. *ante*, at p. 4.)

My colleagues reach this result by first describing the requirement that appellants file separate claims for their distinct injuries as a technicality. (Maj. opn. *ante*, at p. 4.) They go on to conclude that, because the estate's claim form lists "loss of companionship and support" among the explanations for the estate's damage claim, it was sufficient to preserve appellants' claims, stating: "[V]iewed in its entirety, the claim form is susceptible to the interpretation that *it presents a combined claim* by Knolle's estate and appellants for damages stemming from Knolle's death, because it seeks damages that could only be recovered by appellants in a wrongful death action that is commonly

2

asserted alongside a decedent's survival claim." (Maj. opn. *ante*, at pp. 4-5, italics added.) Finally, my colleagues observe that the "claim form also gave CalTrans adequate information to investigate, as it provided the contact information for Janecek and counsel for Knolle's estate, either of whom could have informed CalTrans of the identities of Knolle's heirs and their claims." (Maj. opn. *ante*, at p. 5.)

From my perspective, there are two primary problems with the majority's reasoning. First, the doctrine of substantial compliance cannot be applied to cure the failure to file a claim for separate and distinct injuries. And as a corollary to that rule, there is no duty on the part of a public entity to investigate alleged damages possibly asserted by non-claimants. I address these issues in turn.

A.       *Substantial Compliance Cannot Cure a Total Failure to File a Claim*

If a claimant's name is missing entirely from a claim form, there is no substantial compliance—it represents a total failure to comply with section 910, subdivision (a). This was the holding in *Nguyen*, *supra*, 8 Cal.App.4th 729, which addressed whether parents could piggyback on their child's government claim to pursue their own personal injury lawsuits. In that case, a minor child filed a tort claim against Los Angeles County alleging she had sustained personal injuries as a result of negligent medical treatment at a County hospital. (*Id*. at p. 731.) No claim form was filed by the parents. (*Id.* at pp. 731-732.) The Court of Appeal affirmed the trial court's dismissal of the parents' negligent infliction of emotional distress claim on several grounds. First, the court held that substantial compliance only excuses defects in form and does not apply when there is a total failure to satisfy a statutory requirement (i.e., failing to name the parents as claimants). (*Id.* at p. 733.) Second, even if the County had actual knowledge of the parents' distress through the child's claim, the law still requires a formal filing— knowledge alone does not constitute compliance: "It is well-settled that claims statutes must be satisfied even in [the] face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge–standing alone–constitutes neither substantial compliance nor basis for estoppel." (*Id.* at p. 734, internal quotation

3

marks omitted.)  Hence, because the "alleged emotional injuries and economic damages were personal to the plaintiff parents … [, they] could not rely on their daughter's tort claim." (*Ibid.*)

The same logic applies here.  Because the loss of companionship and support damages sought by appellants are personal to them,[2] they cannot rely upon the estate's government claim.

In *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, the court addressed facts that are the inverse of the case before us.  The decedent's mother filed a claim for wrongful death after her son died while in the custody of county Sheriff's officers. (*Id.* at pp. 786-787, 796.)  Later, the son's estate tried to sue for damages for negligence, assault, and battery for the injuries suffered by the son before his death. (*Id.* at p. 796.)  The Court of Appeal held that the mother's wrongful death claim did not put the County on notice of the estate's distinct survival claims:  "Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another." (*Nelson v. County of Los Angeles, supra*, 113 Cal.App.4th at p. 796, citing *Nguyen, supra*, 8 Cal.App.4th at pp. 732-734.)

Under *Nguyen* and *Nelson*, appellants' loss of "companionship and support" is an injury legally distinct from the estate's claims and therefore had to be sought under a separate claim form, even if CalTrans had actual knowledge of the facts underlying the estate's claim.  (See also *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757, 766 [one heir's claim does not implicitly cover all other heirs; "the mere fact the governmental entity has some notice or knowledge of the accident and possible claim will not excuse failure of the claimant to file a timely claim as required by the statute."].)  I acknowledge

---

[2]     The majority acknowledges that a wrongful death claim is an independent and personal cause of action belonging to the heirs, whereas a survival action (on behalf of the estate) is for injuries the decedent suffered before death.  (Maj. opn. *ante*, at p. 4.)

4

this is a harsh rule, but if it were otherwise, even distant survivors could later file lawsuits, irrespective of whether they filed a claim form.

Finally, the cases cited by the majority for the holding that the claim form as a whole "is susceptible to the interpretation that it presents a combined claim by Knolle's estate and appellants for damages stemming from Knolle's death" (maj. opn. *ante*, at p. 4) are inapposite insofar as they do not involve non-party claimants or a total failure to file a claim. (See *Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 40-41 [plaintiff's claim for property and tort damages found substantially compliant with section 910, subd. (d) where claim form listed damage to her vehicle and " 'Unspecified Medical, Lost Income, future Medical' "]; *Kelso v. Board of Education of City of Glendale* (1941) 42 Cal.App.2d 415, 421 [under prior law, claim letter signed and verified by father on behalf of his juvenile child that described only the child's injuries and sought damage only for the child's loss of an eye was sufficient to support the child's action].)

B.      *There is No Duty to Investigate Non-Party Claims for Distinct Damages*

The acknowledged "purpose of the Government Claims Act is ' " to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." ' " (*Hernandez v. City of Stockton* (2023) 90 Cal.App.5th 1222, 1231.)

The majority takes this general investigative and settlement rationale, however, and imposes a broader duty on CalTrans to investigate not just the circumstances of the accident giving rise to Knolle's death and her estate's claim for damages, but also the damages sought by unknown claimants for "loss of companionship and support" simply because the estate's claim form contained an e-mail address for appellant Janecek (with no explanation of her identity or relationship to Knolle) and contact information for counsel for Knolle's estate—"either of whom *could have* informed CalTrans of the identities of Knolle's heirs and their claims." (Maj. opn. *ante*, at p. 5, italics added.)

The "factual basis for recovery in the complaint must be 'fairly reflected' in the government claim." (*Hernandez v. City of Stockton, supra*, 90 Cal.App.5th at p. 1231.)

5

Although the factual basis for Knolle's claim (the tree falling on her car on Highway 49) is laid out in the claim form, the basis for appellants' putative claims for loss of companionship and support are nowhere reflected in the estate's claim. Setting aside the fact that appellants are not identified in the estate's claim form, there is no explanation of what class of relatives (siblings, descendants, parents) might be seeking recovery for loss of companionship or support, their relationship to Knolle, how many claims might exist, or in what individual amounts. A single phrase embedded in an estate's claim form cannot give rise to a duty on the part of CalTrans to not only presume that this was a "combined claim" for wrongful death, but also to investigate all of those questions.

An analogous circumstance arose in *Lewis v. City and County of San Francisco* (1971) 21 Cal.App.3d 339, in which surviving family members argued, as appellants do here, that the claim filed by their spouse/mother for injuries that led to her eventual death "put the city fully upon notice, and permitted prompt investigation" of their claims for wrongful death, and similarly asserted the claims requirement was "substantially met." (*Id.* at p. 341.) The Court of Appeal disagreed, stating that the "filing of a wrongful death claim by one heir for herself alone, *even though it similarly gives the public body full opportunity to investigate*, *does not excuse absence of a claim by another heir*. [Citation.] Mere knowledge by the public body of the accident and of the proposed claim is not sufficient". (*Ibid*., italics added.) If the filing by one heir of a government claim is insufficient to preserve another heir's cause of action, an estate's government claim cannot preserve the damage claims of all unknown heirs, or trigger a duty to investigate the possible claims of unnamed claimants.

Because appellants failed to file their own government claim forms, and there is no duty to investigate appellants' putative claims under the facts of this case, I respectfully dissent.

KRAUSE, J.

6